David A. CHRISTIAN

v.

Dan V. McKASKLE, Bobby T. Maggard, Herman Kelly.

No. C.A. G–85–292.

United States District Court, S.D. Texas, Galveston Division.

Dec. 23, 1986.

Kim Richardson, Freeport, Tex., for plaintiff.

Ann Kraatz, Asst. Atty. Gen., Austin, Tex., for defendants.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

David A. Christian, formerly a warden at the Texas Department of Corrections ("TDC"), Darrington Unit, sues Dan McKaskle, Bobby Maggard, and Herman Kelly pursuant to 42 U.S.C. § 1983. Plaintiff was discharged after nineteen (19) years employment with TDC, one year short of retirement. Defendants were directors of TDC at the time and, by order of this Court, are sued solely in their individual capacities. Plaintiff alleges that defendants gave him no notice of the possibility of or grounds for discharge and no opportunity to be heard, thereby depriving him of property without the due process guaranteed him by the Fourteenth Amendment. Plaintiff moves for partial summary judgment on this claim.[1]  *See* Fed.R.Civ.P. 56; *Fontenot v. UpJohn Co.*, 780 F.2d 1190 (5th Cir.1986). For the reasons explained below, the Court denies plaintiff's motion.[2]

---

1. Plaintiff also sues under state law but these claims are not now before the Court. Plaintiff does not brief or present evidence on his liberty interest claim arising from alleged defamatory statements defendants made to the press regarding plaintiff's discharge. Therefore, the Court does not consider this ground for summary judgment.

2. Defendants have filed a motion for leave to file a document in support of their summary judgment motion and have subsequently filed the document. Plaintiff has moved to strike defendants' opposition to plaintiff's summary judgment because it was filed late. The Court will consider all papers filed. Accordingly, defendants' motion is denied as moot and plaintiff's motion is denied.

■ When an employee asserts a property interest in continued employment, which he claims that the state deprived him of by firing him without cause or an opportunity to be heard, he must first show "a legitimate claim of entitlement to it" that is based in state law. *Batterton v. Texas General Land Office*, 783 F.2d 1220, 1222–23 (5th Cir.1986) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). In other words, an at-will employee has no property right in his job whereas an employee who may only be terminated for cause does. *Thompson v. Bass*, 616 F.2d 1259, 1265 (5th Cir.), *cert. denied sub nom., Thompson v. Turner*, 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980). The subjective reasonableness of plaintiff's expectation in continued employment is irrelevant. "The Supreme Court has held that the Fourteenth Amendment's guarantee of due process does not protect an employee's expectation of continued employment when the expectation is founded upon a mistaken understanding of state law, regardless of how reasonable that understanding is. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684." *Smith v. Board of Education of Urbana School District*, 708 F.2d 258, 264 (7th Cir.1983) (footnote omitted). Plaintiff argues that his property interest in continued employment arises from Tex.Rev.Civ.Stat.Ann. art. 6184k (Vernon 1970), the TDC Employees' Manual of Rules and Regulations (Manual), and custom and explicit understanding.

Article 6184k provides in relevant part: "any warden ... whose duty it is to enforce the provisions of this Act [creating the TDC] who shall fail or refuse to enforce the same shall be subject to removal from office." Plaintiff notes that under other Texas statutes, certain state employees expressly serve at will, leaving it for the Court to infer by negative implication that a statement that a warden may be removed for cause means that he can only be removed for cause and not at will. ■ The Court must reject plaintiff's interpretation. Generally, an employee hired for an unspecified period, such as plaintiff, is an at-will employee in Texas.

*See Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985). Tex.Rev.Civ. Stat.Ann. art. 6166 (Vernon 1970), which provides that the duty of the Director "shall extend to the employment and discharge, with the approval of the Board, of such persons as may be necessary for the efficient conduct of the ... system," indicates that the Texas Legislature specifically contemplated and in general adopted the at-will rule when forming the administrative structure of TDC. *See United Steelworkers v. University of Alabama*, 599 F.2d 56, 60–61 (5th Cir.1979) (personnel handbook providing for management's right to dismiss and discipline according to the needs of the employer was clear indication of intent to retain at-will rule). Article 6184k merely emphasizes that a warden who fails or refuses to carry out certain laws will be fired and does not explicitly or by necessary implication require cause for removal. *See Henderson v. Sotelo*, 761 F.2d 1093, 1098 (5th Cir.1985) (statement that certain conduct may result in discharge is not necessarily forfeiture of right employer would otherwise have to discharge without cause).

As a matter of fact, art. 6184k might well have been intended to stand as a warning to wardens, who stand in a sensitive position as the primary supervisors of the individual prisons, that they in particular must properly implement the law. To the extent that there is any ambiguity in the effect of these statutes, *Batterton* instructs the Court to apply the Texas rule of statutory construction requiring the Court to resolve the ambiguity in favor of the state. *Id.* at 1222 ("[l]egislative grants of property, rights or privileges must be construed in favor of the state on grounds of public policy and whatever is not unequivocally granted in clear and explicit terms is withheld") (quoting *State v. Standard*, 414 S.W.2d 148, 153 (Tex.1967)). Thus, the Court finds that art. 6184k does not create a property right.

■ Plaintiff next contends that the Manual "provides several statements that indicated the [sic] Department created an

expectation of continued employment in its employees, and that employment could not be terminated but for just cause." A state institution's rules or any "mutually explicit understandings" between the institution and its employees may, of course, give rise to property right in employment. *See, e.g., Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Batterton,* 783 F.2d at 1223; *White v. Mississippi State Oil and Gas Board,* 650 F.2d 540 (5th Cir.1981). Defendants, however, assert that *Batterton* precludes consideration of any rules or mutually explicit understandings. In *Batterton,* the court resolved a statutory ambiguity in favor of the state and held that the statute made plaintiff an at-will employee. 783 F.2d at 1223. The Court then held that any informal understandings could not create a property interest in conflict with the statute. *Id.* at 1223–24. *Batterton* would seem to apply here because art. 6166 apparently retains the at-will rule. Nevertheless the Court addresses plaintiff's other grounds, which the Court finds insufficient, in this memorandum. The Court notes that defendants may of course move for summary judgment on their *Batterton* argument.

Plaintiff stated in his affidavit, which has not been contradicted on this point, that he had been told by TDC officers that the Manual applied to him. The Manual indicates that violation by wardens of the rules it sets forth shall be investigated by the Director's office. Therefore, the Court finds that the Manual applied to wardens such as plaintiff.

Plaintiff points to several sections of the Manual in support of his claim that he could only be fired for cause. The Court divides these sections into two general groups: 1) sections prohibiting an employee from doing certain things upon pain of discipline (Rules) and 2) sections establishing grievance and discipline procedures (Procedures). The Rules are not on their

face exclusive. They are, however, in some cases, so broad that they, for example, prohibit "misconduct" and warn employees that failure to correct, once warned by the warden, behavior not conducive to good order "is sufficient cause for dismissal." The Procedures require that when a violation of one of the Rules occurs, records of the incident shall be kept, a conference giving the employee an opportunity to defend shall be held, violations shall be investigated, and a memorandum showing the disposition shall be made and a copy given to the employee.[3]

■ The Court notes that plaintiff must show a property interest in continued employment before the due process clause of the Fourteenth Amendment requires an opportunity for a hearing. *See Perry v. Sindermann,* 408 U.S. at 599, 92 S.Ct. at 2698. When, as here, Rules and Procedures are set forth, the Court must carefully determine whether the employer is granting a right to continued employment or is defining procedures that are to be complied with when discharging an employee. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The state may "require procedures for reasons other than protection against deprivation of substantive rights, but in making that choice does not create an independent substantive right.... The categories of substance and procedure are distinct." *Henderson,* 761 F.2d at 1097–98 (citations omitted). Thus, even if plaintiff had certain procedural rights, such as a right to a hearing, plaintiff might still be an at-will employee.

In *Bishop v. Wood,* a city policeman had successfully completed the six-month probationary period and was, therefore, a "permanent" employee. The city terminated him without a hearing. He argued that he had a property interest based on the following city ordinance:

---

**3.** The Procedures also establish an employee grievance procedure which, of course, limits the employer's rights in no way; it merely provides the employees with a mechanism to voice their complaints. Thus, it does not implicate a prop-

erty right. *Wells v. Hico Independent School District,* 736 F.2d 243, 254 (5th Cir.1984), *cert. dismissed* — U.S. ——, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985).

"Dismissal. A permanent employee whose work is not satisfactory over a period of time shall be notified in what way his work is deficient and what he must do if his work is to be satisfactory. If a permanent employee fails to perform work up to the standard of the classification held, or continues to be negligent, inefficient, or unfit to perform his duties, he may be dismissed by the City Manager. Any discharged employee shall be given written notice of his discharge setting forth the effective date and reasons for his discharge if he shall request such a notice."

*Id.* 426 U.S. at 344 n. 5, 96 S.Ct. at 2077 n. 5. The Court found that the ordinance was susceptible of two interpretations: 1) permanent employees have a right to continued employment and may only be fired for the reasons and by the procedures in the ordinance, or 2) the ordinance gives no right of continued employment but merely gave employees certain procedural rights. The Court held that the issue must be decided under state law, which supported the second interpretation. *Id.* at 344–47, 96 S.Ct. at 2077–78. *See also United Steelworkers,* 599 F.2d at 60 (Alabama law); *Conley v. Board of Trustees of Grenada County Hospital,* 707 F.2d 175 (5th Cir. 1983) (Mississippi law).

■ When looking at the Manual, the Court finds that it is susceptible of the same two interpretations as well. To decide which interpretation reflects Texas law, the Court reasons as it did concerning art. 6184k. Simply stated, this Court does not believe that a Texas court would construe the Rules as exclusive, thereby finding that they create a property interest in continued employment, when such an interpretation would conflict with the long-established, at-will rule. Rather, the Rules emphasize certain prohibited conduct and the Procedures give employees certain procedural, not property rights. Failure to follow Procedures might implicate state law but would not create a property interest. *See Henderson,* 761 F.2d at 1097–98.

The discussion of Texas law in *Wells v. Hico Independent School District,* 736 F.2d 243, 251–55 (5th Cir.1984), *cert. dismissed,* — U.S. —, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985), is instructive here. In *Wells* the Court held that plaintiffs, two Texas teachers, had a one-year contract of employment pursuant to a state statute and, therefore, defendant's failure to renew the contract did not deprive them of a property interest. Plaintiffs, however, contended that defendant's policies and procedures gave them an expectation of continued employment. Although the Court held that the defendants could not by policy create a property interest that conflicted with the state statute, the Court went further and in dicta made some interesting observations regarding Texas law. The Court reviewed two written procedures. The first provided that employees shall be periodically reviewed, if their work is found unsatisfactory placed on probation, and, if there is no improvement, fired. The second provides that employees shall be given a written warning notice that states what policies the employee has violated. In both cases the court noted that nothing purported to limit defendant's right to discharge any employee or not to renew his contract. Thus, the court seems to be indicating that any modification of the general at-will rule must be clear and explicit. 736 F.2d 254. *See also Reynolds Manufacturing Co. v. Mendoza,* 644 S.W.2d 536, 539 (Tex.Civ. App.—Corpus Christi 1982, no writ) (employee manual that did not explicitly purport to provide exclusive means of firing held not to limit at-will rule but only to provide "general guidelines").

Plaintiff finally contends that he had an explicit understanding with TDC. He states in affidavit that he was told that the Manual applied to him and that:

Defendant Bobby T. Maggard specifically instructed me in employment rights in [TDC] and, based on his instructions, as well as my 19 years of experience with [TDC] it was explicitly understood that no employee could be fired without being given notice of the specific allegations against him and an opportunity to defend himself. It was explicitly understood that an employee could only be

fired for good cause as set forth in the employee rules.

Plaintiff also submits the affidavit statement of W.J. Estelle, Jr., TDC Director from 1974 through 1983, that: "...pursuant to said manual, no employee, including wardens, could be fired ... unless the Department had good cause. ...[and wardens] had the right to notice and an opportunity to defend themselves before being fired."

■ The Court finds that there is a genuine, material fact issue as to whether there was a mutually explicit understanding that plaintiff could only be fired for cause. Steve Martin, TDC General Legal Counsel when plaintiff was fired, stated in affidavit that it was his opinion that "persons employed in policy implementing positions such as ... Warden had no property in their employment." This contradicts the conclusions of Estelle and Christian. Moreover, they do not state a factual basis for any explicit understandings between plaintiff and his superiors that plaintiff could only be fired for cause. Rather, both seem to indicate that they understood pursuant to the Manual that plaintiff could only be fired for cause. Explicit understandings on the effect of the Manual cannot be resolved on this record. As the Court has already discussed, the Manual does not by itself give rise to a for-cause requirement.

Finally, even if plaintiff had a property right arising from a mutually explicit understanding, plaintiff stated in deposition that hearings were only given upon request and that he did not request one. Thus, plaintiff may have waived his right to a hearing if the right is based upon an understanding that he had the right to a hearing upon request.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion for summary judgment is DENIED; that defendants' motion for leave to file document is DENIED as moot; and defendants' motion to strike is DENIED.