

# THE ATTORNEY GENERAL
## OF TEXAS

August 18, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Allen Hightower                 Opinion No.   JM-941
Chairman
Corrections Committee                     Re:  Circumstances under
Texas House of Representatives            which a  state  employee
P. O. Box 2910                            may be discharged
Austin, Texas  78769                      (RQ-1418)

Dear Representative Hightower:

You ask whether  all state employees  are employed  "at will."   An "at  will" employee  serves at the  will of  the employer and can be fired for any reason.  Eastline & R. R. R. Co. v. Scott, 10 S.W. 99 (Tex. 1888).

Under Texas law  an employee hired  for an  unspecified period of  time is  generally an  "at will"  employee.  See Sabine Pilot Service, Inc. v. Hauck,  687 S.W.2d 733  (Tex. 1985).  That general rule applies to state employees as well as  private  employees.  Attorney General Opinion  M-628 (1970).  See also  Christian v. McKaskle,  649 F.Supp.  1475 (S.D. Tex. 1986).

Despite that general rule, however, a particular  state employee may  have a  property  interest in  his  employment protected by the fourteenth  amendment to the United  States Constitution.   Whether a particular  state employee has  a property interest in  his job depends  on whether there  are circumstances that  give  rise  to  a  legitimate  claim  of entitlement.  Board of Regents v. Roth, 408 U.S. 564 (1972). The source of such a claim  can be a state statute, a  local ordinance, a  rule, or  a mutually  explicit  understanding. Perry v. Sindermann, 408 U.S. 593, 601 (1972).

Some state  employees  are  subject  to  statutes  that create property interests by  providing that dismissal  must be for cause.  See, e.g.,  Gov't Code § 411.007 (Department of Public Safety employees may be discharged only for  "just cause").   Other state employees are subject to statutes that provide that the employees serve  at will.  See, e.g.,  Nat. Res. Code § 31.020; Batterton v. Texas General Land  Office, 783 F.2d 1220 (5th Cir. 1986), cert. denied, 107 S.Ct.  316.

Batterton interpreted section 31.020 of the Natural Resources Code as establishing "at will" status for employees of the General Land Office. 783 F.2d at 1222-23. Batterton also held that informal understandings and agency customs could not give rise to a property interest in the face of a statute providing that employees serve at will. Id.

When there is no statute to the contrary, agency regulations may also give rise to property interests. For example, university regulations that provided that an instructor-counselor at Texas A&M University could only be dismissed for "adequate cause" gave rise to a property interest. Page v. DeLaune, 837 F.2d 233 (5th Cir. 1988). See also Levitt v. University of Texas at El Paso, 759 F.2d 1224 (5th Cir. 1985), cert. denied, 476 U.S. 1154 (1986).

In summary, there is a general rule that state employees in Texas serve at will. To determine whether that general rule applies to a particular employee, however, it is necessary to examine relevant statutes and regulations and to determine whether express or implied promises have been made which limit the right of the state to terminate an employee.

You should also be aware that the "at will" doctrine is limited by doctrines and statutes that prohibit termination of employment for certain reasons. For example, the state may not discharge employees for exercising their right to free speech. Rankin v. McPherson, 107 S.Ct. 2891, 2896 (1987) ("at will" public employee may be entitled to reinstatement if dismissed for exercising right of free speech). See also 42 U.S.C. § 2000e-2 (prohibiting discrimination based on race, color, religion, sex, or national origin); V.T.C.S. art. 5221k (Human Rights Commission Act). Another example of a statute that limits the "at will" doctrine is article 5154c, V.T.C.S., which provides that no person shall be denied public employment based on membership or nonmembership in a labor organization. See also V.T.C.S. art. 6252-16a ("whistle blower" statute); Texas State Employees Union v. Texas Department of Mental Health and Mental Retardation, 746 S.W.2d 203 (Tex. 1988); Attorney General Opinion JM-227 (1984).

## S U M M A R Y

As a general rule, state employees serve at will. A particular state employee may, however, have a property interest in his job. Whether a particular state employee has a

property interest in his job depends on whether his circumstances give rise to a legitimate claim of entitlement. Also, various statutes and decisions place limitations on the "at will" doctrine by prohibiting termination for specified reasons.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk and Karen Gladney
Assistant Attorneys General