Honorable Allen Hightower Chairman Corrections Committee Texas House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Circumstances under which a state employee may be discharged (RQ-1418)
Dear Representative Hightower:
You ask whether all state employees are employed `at will.' An `at will' employee serves at the will of the employer and can be fired for any reason. Eastline R. R. R. Co. v. Scott, 10 S.W. 99
(Tex. 1888).
Under Texas law an employee hired for an unspecified period of time is generally an `at will' employee. See Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985). That general rule applies to state employees as well as private employees. Attorney General Opinion M-628 (1970). See also Christian v. McKaskle, 649 F. Supp. 1475 (S.D.Tex. 1986).
Despite that general rule, however, a particular state employee may have a property interest in his employment protected by thefourteenth amendment to the United States Constitution. Whether a particular state employee has a property interest in his job depends on whether there are circumstances that give rise to a legitimate claim of entitlement. Board of Regents v. Roth,408 U.S. 564 (1972). The source of such a claim can be a state statute, a local ordinance, a rule, or a mutually explicit understanding. Perry v. Sindermann, 408 U.S. 593, 601 (1972).
Some state employees are subject to statutes that create property interests by providing that dismissal must be for cause. See, e.g., Gov't Code § 411.007 (Department of Public Safety employees may be discharged only for `just cause'). Other state employees are subject to statutes that provide that the employees serve at will. See, e.g., Nat. Res. Code § 31.020; Batterton v. Texas General Land Office, 783 F.2d 1220 (5th Cir. 1986), cert. denied,107 S.Ct. 316. Batterton interpreted section 31.020 of the Natural Resources Code as establishing `at will' status for employees of the General Land Office. 783 F.2d at 1222-23. Batterton also held that informal understandings and agency customs could not give rise to a property interest in the face of a statute providing that employees serve at will. Id.
When there is no statute to the contrary, agency regulations may also give rise to property interests. For example, university regulations that provided that an instructor-counselor at Texas AM University could only be dismissed for `adequate cause' gave rise to a property interest. Page v. DeLaune, 837 F.2d 233 (5th Cir. 1988). See also Levitt v. University of Texas at El Paso,759 F.2d 1224 (5th Cir. 1985), cert. denied, 476 U.S. 1154
(1986).
In summary, there is a general rule that state employees in Texas serve at will. To determine whether that general rule applies to a particular employee, however, it is necessary to examine relevant statutes and regulations and to determine whether express or implied promises have been made which limit the right of the statute to terminate an employee.
You should also be aware that the `at will' doctrine is limited by doctrines and statutes that prohibit termination of employment for certain reasons. For example, the state may not discharge employees for exercising their right to free speech. Rankin v. McPherson, 107 S.Ct. 2891, 2896 (1987) (`at will' public employee may be entitled to reinstatement if dismissed for exercising right of free speech). See also 42 U.S.C. § 2000e-2 (prohibiting discrimination based on race, color, religion, six, or national origin); V.T.C.S. art. 5221k (Human Rights Commission Act). Another example of a statute that limits the `at will' doctrine is article 5154c, V.T.C.S., which provides that no person shall be denied public employment based on membership or nonmembership in a labor organization. See also V.T.C.S. art. 6252-16a (`whistle blower' statute); Texas State Employees Union v. Texas Department of Mental Health and Mental Retardation,746 S.W.2d 203 (Tex. 1988); Attorney General Opinion JM-227 (1984).
 SUMMARY
As a general rule, state employees serve at will. A particular state employee may, however, have a property interest in his job. Whether a particular state employee has a property interest in his job depends on whether his circumstances give rise to a legitimate claim of entitlement. Also, various statutes and decisions place limitations on the `at will' doctrine by prohibiting termination for specified reasons.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarch Woelk
 Karen Gladney Assistant Attorneys General