United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 05-11141

---

TERRELL BOLTON,

Plaintiff-Appellant,

VERSUS

THE CITY OF DALLAS, TEXAS,
AND
TEODORO BENAVIDES,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
m 3:04-CV-0501-K

---

Before SMITH, BENAVIDES, and PRADO,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Terrell Bolton appeals a summary judgment in favor of the defendants, the City of Dallas and its city manager, Teodoro Benavides. Bolton sued under 42 U.S.C. § 1983, alleging that the city had terminated him from his position as Chief of Police in violation of the due process clause of the Fourteenth Amendment.

The district court concluded that Bolton lacked a constitutionally-protected property interest in further employment with the Dallas Police Department ("DPD"). Because Chapter XII, § 5 of the Dallas City Charter creates a constitutionally-protected property interest, we reverse and remand. We also conclude that Benavides's successful defense of qualified immunity requires dismissal of Bolton's claims against Benavides in his individual capacity.

## I.

Bolton served as an executive-rank officer of DPD for fifteen years and in August 1999 was promoted from assistant chief to chief. In August 2003 city manager Ted Benavides terminated his employment. Benavides acknowledges that the dismissal was not for cause. Bolton claims the city charter mandates that he be restored to the rank and grade he held before being appointed chief.

## II.

We review a summary judgment *de novo*, applying the same standard as did the district court. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2005), *cert. denied*, 2006 U.S. LEXIS 8734 (U.S. Nov. 13, 2006). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Minter v. Great Am. Ins. Co.*, 423 F.3d 460, 465 (5th Cir. 2005). Summary judgment is appropriate where the record demonstrates that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

## III.

To succeed on a due process claim in the context of public employment, a plaintiff must show that (1) he had a property interest/right in his employment and (2) his termination was arbitrary or capricious. *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993) (citing *Honore v. Douglas*, 833 F.2d 565, 568 (5th Cir. 1987)). Because the district court granted summary judgment based on its finding that Bolton lacked a property interest in his employment, we address only the first prong.

Although public employees can be endowed with constitutionally-protected property interests in their employment,[1] a property interest is not incidental to public employment and must be located in an independent source, such as state law. *Perry v. Sinderman*, 408 U.S. 593, 601 (1972). "A property interest is created where the public entity has acted to confer, or alternatively, has created conditions that infer [*sic*, imply?], the existence of a property interest by abrogating the right to terminate an employee without cause." *Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003). A public entity can confer a property interest in public employment through a local ordinance. *Bishop v. Wood*, 426 U.S. 341, 344 (1976).[2]

---

[1] *Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997) (stating that "employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process"); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

[2] Under Texas law, home rule cities "may determine by charter whether employment in certain city offices is at will or continuous absent just cause for dismissal, and Texas courts will give effect to such charter provisions." *Henderson v. Sotelo*, 761 F.2d 1093, 1096 (5th Cir. 1985) (citing *Ratliff v. City of Wichita Falls*, 115 S.W.2d 1153 (Tex. Civ. App.SSAmarillo 1938, writ dism'd), (continued...)

Bolton claims that Chapter XII, § 5 of the charter grants him a property interest in continued employment. It states,

> If the chief of the police department . . . was selected to that position from the ranks of the police department and is removed from the position on account of unfitness for the discharge of the duties of the position, and not for any cause justifying dismissal from the service, the chief . . . shall be restored to the rank and grade held prior to appointment to the position, or reduced to a lower appointative rank.

DALLAS, TEX., CITY CHARTER ch. 12, § 5 (2006).

We examined this section in *Muncy*, 335 F.3d 394. In that case, two executive-rank DPD officers challenged demotions to the highest-rank appointments they had held before receiving their executive appointments. They contended that a myriad of sources, including § 5, granted them a protected property interest in their *executive-rank* positions. In examining § 5, we noted that "unfitness for duty" is "a nebulous status which conceivably could encompass political unsuitability or any number of other reasons that fall short of the property-interest conferring, termination-for-cause standard." *Id*. at 399. We found this particularly true given that the statute internally defines "unfitness for duty" as "not for any cause justifying dismissal." *Id*. Interpreting the provision as a whole, we noted that it "contemplates that high level officials will be removed from time to time, and in those instances in which the removal is not for a cause warranting dismissal, then the official will be reassigned within the department." *Id*.

Although the city points to language in *Muncy* indicating that § 5 serves primarily as a limit on the city's ability to retain former executives, *id*. at 399-400, it is evident that *Muncy* does not control the instant case. Unlike the plaintiffs in *Muncy*, Bolton claims a property interest not in his executive-rank position, but rather in continued employment at the rank and grade held before his appointment to the executive position. His argument does not rely on the "unfitness for duty" language, but rather on the "for any cause justifying dismissal" language. He asserts that § 5, by its reference to "any cause justifying dismissal from the service," creates a property interest in continued employment.

The plain language of the charter supports Bolton's reading. "If the chief . . . is removed . . . not for any cause justifying dismissal from the service," tracks language that elsewhere has been found to create a property interest.[3] The word "shall" implies that restoration to a

---

[2](...continued)
and *City of San Benito v. Cervantes*, 595 S.W.2d 917 (Tex. Civ. App.SSEastland 1980, writ ref'd n.r.e.)).

[3] *See Perry*, 408 U.S. at 600-03 (holding that guidelines stating that an employee "may expect to continue in his academic position unless adequate cause for dismissal is demonstrated in a fair hearing" create a protected property interest); *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1199 (5th Cir. 1987) (finding a protected property interest where an employee handbook "contained a provision that employees would be discharged only for good cause"); *United Transp. Union v. Brown*, 694 S.W.2d 630 (Tex. App.SSTexarkana 1985, writ ref'd n.r.e.) (finding a protected property interest where "the manual of working conditions provides that no employee will be demoted without good cause").

lower rank and grade is mandatory.[4]

Even if we were to look beyond the plain language, this interpretation makes sense. The chief of police is a political position, and a chief might be removed for any number of reasons beyond his control. Through this charter provision, Dallas is ensuring officers with considerable length of service that accepting an unstable job will not force them to forfeit their long tenure within the DPD. It reflects a balance between the cty's interest in attracting high quality applicants and its interest in ensuring effective oversight of the officers who fill executive positions.

The city responds by claiming that the two grounds for removal in the charterSS"unfitness for duty" and "for cause justifying dismissal"SS do not exhaust the field of possible reasons for removal of an executive officer. Although admitting that Bolton was not removed for cause, the city alleges that he was discharged because his continued presence would be "disruptive" rather than because he was unfit for duty, a reason for removal that would not trigger § 5. We do not ascribe the same talismanic significance to "unfitness for duty." The language that creates a property interest is "not for any cause justifying dismissal." If a chief promoted from within the ranks is not removed for cause, by the plain language of the charter he must be restored to his previous position.[5]

## IV.

Benavides asserts in the alternative that any claims against him in his personal capacity should be dismissed because he is entitled to qualified immunity. Although the district court did not address the qualified immunity claim, Benavides asserted the defense in his answer and raised it in this appeal, so we may address it.

Once a public official has raised the defense of qualified immunity, the burden rests on the plaintiff to rebut it.[6] On a motion for summary judgment, the disputed facts to which the plaintiff points must be sufficient, if plaintiff's version is accepted, for a reasonable trier of fact to determine (1) that the defendant violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonable. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). The inquiry into reasonableness asks "whether '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates the right.'" *Id.* (citing *Anderson v. Creighton*, 483 U.S.

---

[5](...continued) under § 1983 because Bolton has not pointed to a policy or custom that violates his rights. Because the district court concluded that Bolton did not possess a protected property right, it did not address the factual disputes raised by the city or whether the city's policy or custom played a role in the violation of Bolton's rights. We leave these arguments for the district court on remand. *See Sanders v. English*, 950 F.2d 1152, 1159 n.13 (5th Cir. 1992).

[6] See *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs.").

---

[4] *See, e.g., Valdez v. Cockrell*, 274 F.3d 941, 950 ("The word 'shall' is mandatory in meaning.").

[5] The City raises alternative grounds for affirmance: that § 5 does not apply to Bolton, because he was not selected chief from "the ranks of the department" and that the city is immune from suit (continued...)

4

635, 640 (1987)). If reasonable public officials could differ as to whether the defendant's actions were lawful, the defendant is entitled to immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Although we now conclude that § 5 of the Dallas City Charter creates a vested property right in employment at a former rank for executive-level officials, this decision is not apparent from *Muncy*. There we were considering a due process claim in the context of demotion, but we stated that executive rank officials are "employees at will, and the city was free to discharge them without cause." *Muncy*, 335 F.3d at 402. If we are to respect the principle underlying qualified immunity to the effect that officials must be able reasonably to "anticipate when their conduct may give rise to damages," we cannot hold an official liable for taking action that was arguably supported by decisions of this court. *See Davis v. Scherer*, 468 U.S. 183, 195-96 (1984). Bolton's claim against Benavides in his personal capacity must be dismissed based on qualified immunity, because reasonable public officials could have differed on whether discharging Bolton would violate his constitutional rights.

In summary, because the charter creates for Bolton a constitutionally protected property interest in further employment, the judgment is REVERSED. Bolton's claims against Benavides in his individual capacity are DISMISSED based on qualified immunity. The remaining claims are REMANDED for further proceedings not inconsistent with this opinion.