United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-31028
Summary Calendar

MARVIN GLASPIE,

Plaintiff-Appellant,

versus

LOOMIS FARGO & CO.; UNIDENTIFIED PARTY,

Defendants-Appellees.

**Appeal from the United States District Court
for the Eastern District of Lousiana
(2:04-CV-2811)**

Before DAVIS, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Claiming genuine issues of material fact as to whether Loomis Fargo & Co. could cause his theft prosecution, Marvin Glaspie contests the summary judgment dismissing his malicious-prosecution claim.

The dispute arose while Glaspie was employed as the messenger on a three-man crew transporting currency for Loomis Fargo. As messenger, Glaspie was responsible for loading and unloading the currency and checking it in with Loomis Fargo at the end of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

route. While driving between pickup and drop-off locations, he would sit alone in the back of the armored truck with the currency.

Upon reaching the unloading point on an assigned route from Jackson, Mississippi, to New Orleans, Louisiana, Glaspie and the money handler at the drop-off location observed the bag holding a $190,000 deposit was ripped and torn. In the presence of security cameras, the bag was sealed, and the money handler took sole possession of the bag. The bag was found to contain $40,000 less than the amount verified at the pick-up location.

Loomis Fargo notified the New Orleans Police Department (NOPD) of the theft and completed a loss report, identifying employees associated with the currency's transportation. The NOPD conducted an investigation of those employees. Glaspie refused to cooperate. After sending him a notification letter, Loomis Fargo terminated Glaspie due to his noncompliance with company policy requiring cooperation with police investigations. Shortly thereafter, he was arrested for theft but never prosecuted.

Glaspie filed this action against Loomis Fargo for malicious prosecution. Loomis Fargo moved for summary judgment, contending it could not be held liable for malicious prosecution because Glaspie was unable to prove the elements of his claim. The district court agreed, finding Glaspie could not show Loomis Fargo caused his prosecution.

A summary judgment is reviewed *de novo*, viewing the record in the light most favorable to the non-movant and applying the same standards as did the district court. *E.g.*, ***Bolton v. City of Dallas, Tex.***, 472 F.3d 261, 263 (5th Cir. 2006). Such judgment is proper if the pleadings and discovery on file show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *e.g.*, ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).

For his Louisiana state-law claim for malicious prosecution, Glaspie had to prove: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by Loomis Fargo against him; (3) a bona fide termination in his favor; (4) the absence of probable cause for such proceeding; (5) the presence of malice in the proceeding; and (6) damage. ***Craig v. Carter***, 718 So.2d 1068, 1070 (La. Ct. App. 1998).

The summary judgment was proper. Loomis Fargo notified the NOPD of the theft and completed a theft report as required by company policy. The report identified the employees in the truck carrying the missing funds, but did not identify Glaspie as an individual who should be singled out as a suspect. The NOPD conducted an independent investigation, which resulted in Glaspie's arrest. Based on this summary-judgment record, Glaspie is unable

3

to show Loomis Fargo caused his arrest and prosecution as required for his malicious-prosecution claim.

**AFFIRMED**