**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2009

No. 08-20697
Summary Calendar

Charles R. Fulbruge III
Clerk

SAMUEL LEE JONES, JR., also known as Samuel Hakeem Muhammad,

Plaintiff-Appellant

v.

AKBAR SHABAZZ, Director of Islamic Chaplains; CHARLES KISER, Prison Chaplain; BILL PIERCE, Director of Chaplaincy Department; RICHARD LOPEZ, Regional Program Administrator; DOUGLAS DRETKE, Director, TDCJ-CID,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-cv-01119

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Samuel Lee Jones ("Jones") appeals the district court's grant of summary judgment as to ten of Jones's thirty-three Religious Land Use and Institutionalized Persons Act ("RLUIPA"), First Amendment, and Equal Protection claims against various Texas Department of Criminal Justice

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("TDCJ") chaplains and administrators. After carefully addressing each allegation, the district court concluded that Jones failed to raise a genuine issue of material fact as to any of his asserted claims. Additionally, the district court declined to allow Jones to amend his complaint to add a request for monetary damages. We AFFIRM.

## I. FACTUAL BACKGROUND

Jones, also known as Samuel Hakeem Muhammad, is an inmate confined to the TDCJ at the Michael Unit in Tennessee Colony, Texas. Jones is a member of the Nation of Islam ("NOI"). Jones alleges he was subjected to a variety of acts and events he claims violated his Free Exercise rights, RLUIPA protections, and Fourteenth Amendment Equal Protection rights. Specifically, Jones's appeal raises the following examples of TDCJ's alleged conduct as grounds for his various claims: 1) "theft" of his "religious property" and "religious videotapes" by several different TDCJ administrators; 2) TDCJ's refusal to allow NOI adherents to perform certain acts at their weekly services and preach NOI doctrine to non-NOI Muslim inmates; 3) TDCJ's refusal to acknowledge or accommodate unique NOI religious holidays; and 4) TDCJ's failure to provide NOI adherents with a specific diet conforming to their religious preferences rather than a diet that simply avoids prohibited foods.

On March 6, 2006, Jones brought suit against five TDCJ chaplains and administrators: Akbar Shabazz, Director of Islamic Chaplains; Charles Kiser, Prison Chaplain at the Beto Unit; Bill Pierce, Director of the Chaplaincy Department; Richard Lopez, Regional Program Administrator; and Douglas Dretke, Former Director TDCJ-Correctional Institutions Division. Jones's complaint alleged thirty-three claims arising under RLUIPA, the First Amendment, and the Fourteenth Amendment. Jones included dozens of exhibits that eventually grew to hundreds of pages of documentation as the case progressed. Over the next eighteen months, the defendants filed three separate

motions for summary judgment. The district court ruled on the first and second motions on September 28, 2007. In a 60-page ruling considering each and every count in detail, the district court granted summary judgment on thirty-one of thirty-three claims. The court withheld a final determination of Jones's claims regarding whether he should be permitted to retain prayer oil in the prison and whether TDCJ shower procedures violated NOI modesty rules.

The defendants filed their third summary judgment motion on November 20, 2007. In granting defendants' motion, the district court found that the TDCJ had changed its policy with respect to prayer oil in order to accommodate NOI requirements. The modesty issue, at least insofar as Jones was concerned, has been resolved by placing Jones in a unit that provided a more suitable shower arrangement. Jones appealed on October 20, 2008 alleging eleven grounds of error.[1]

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same standard as the district court. *Bolton v. City of Dallas*, 472 F.3d 261, 263 (5th Cir. 2006). Our inquiry "is limited to the summary judgment record before the trial court." *Topalian v. Ehrman*, 954 F.2d 1125, 1132 n.10 (5th Cir. 1992). We must view the evidence in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the movant has the burden of showing this court that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary

---

[1] This court previously denied Jones's motion to file an oversized brief. Jones states in his briefs that he would have appealed the district court's grant of summary judgment regarding the remaining twenty-three claims had he been permitted to file an oversized brief. In lieu of such a filing, Jones lists the other issues he would have appealed in a "Notice To The Court." Even under the liberal construction afforded pro se briefs, a litigant must still attempt to advance an argument in order to preserve it. *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). Jones's listing of possible other grounds of error does not meet this very minimal standard. As such, any claim of error as to the district court's ruling on the remaining twenty-three claims has been waived.

judgment is appropriate where the competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bolton*, 472 F.3d at 263; *see* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the court below." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

## III. DISCUSSION

On appeal, Jones has reduced his thirty-three allegations to eleven alleged errors relating to his claims under RLUIPA and the First Amendment.[2] These eleven alleged errors can be grouped into five categories: 1) issues regarding the "theft" of Jones's videotapes; 2) issues regarding the generic nature of TDCJ Muslim services; 3) issues regarding TDCJ's recognition of religious holidays; 4) issues regarding TDCJ's alternative diet offerings; and 5) the propriety of the district court's order refusing Jones's request to amend his complaint to add a request for monetary relief. We address each category in turn.

---

[2] Jones does not advance his Fourteenth Amendment claims on appeal. Instead, Jones repeatedly asserts that his claims arise "under the RLUIPA, FIRST, and FOURTEENTH Amendments" at the beginning of each section with no additional argument. He does not make any arguments related to Equal Protection under the Fourteenth Amendment or any arguments that can be liberally construed as reaching that point. Accordingly, the Fourteenth Amendment arguments have been waived. *Longoria*, 507 F.3d at 901. Even if he had not waived these arguments, however, Jones has failed to advance any evidence at all suggesting NOI adherents were subjected to discrimination relative to other faiths on any of his eleven claims of error.

*A. Jones's "Religious Videotapes"*

Jones contends that the defendants engaged in a systematic conspiracy to deny NOI adherents access to videotaped religious lectures necessary to the practice of their faith. More specifically, Jones alleges that the defendants conspired on three separate occasions[3] to steal religious videotapes that he claims were his property. We agree with the district court that–however these incidents are construed–Jones has failed to raise a genuine issue of material fact as to whether the denial of these videotapes constitutes a substantial burden on Jones's religious exercise and whether TDCJ policies governing inmate access to videotapes are logically related to legitimate penological interests.

RLUIPA provides that no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1(a). To fall under RLUIPA, however, an inmate must first demonstrate that a government practice imposes a "substantial burden" on his religious exercise. This inquiry requires this court to determine (1) whether the burdened activity was in fact a "religious exercise" and, if so, (2) whether the burden was "substantial." *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004). A government action or regulation only creates a "substantial burden" on a religious exercise if it truly pressures an adherent to significantly modify his religious behavior and significantly violate his religious beliefs. *Id.* at 570.

---

[3] Jones's arguments regarding the religious videotapes tends to conflate the various incidents he alleges. Nonetheless, a careful review of the record demonstrates that the district court's characterization of the videotape issue as involving three discrete incidents of alleged theft is correct.

"[T]he effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, nontrivial benefit, and, on the other hand, following his religious beliefs." *Id.*

Jones has not raised an issue of material fact as to the substantial burden prong of RLUIPA analysis on any of his videotape-related claims. Other than a self-serving affidavit claiming he regards viewing the videotapes as a mandatory part of his NOI faith, Jones has provided no evidence that TDCJ content restrictions and screening processes "truly [pressure] [him] to significantly modify his religious behavior and significantly violates his religious beliefs." *See Adkins*, 393 F.3d at 569-70. As such, we need not address in detail each of the three instances of alleged misconduct or whether the videotapes were "stolen" as Jones repeatedly alleges. Even assuming all of Jones's allegations against the TDCJ were true and were supported by sufficient evidence, he simply cannot make out a genuine issue of fact as to substantial burden under *Adkins*.

Similarly, Jones failed to create a genuine issue of material fact as to whether the TDCJ's video review policy and rules against inmate possession of videotapes violates the First Amendment. When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest. *Scott v. Miss. Dep't of Corrections*, 961 F.2d 77, 80 (5th Cir. 1992). The TDCJ's stated justification for reviewing religious materials is to intercept, among other things, videotapes containing dangerous or racist messages. The TDCJ's stated justification for prohibiting inmate possession (as opposed to viewing) of videotapes in general is that such tapes can be used as weapons. These security concerns clearly constitute legitimate government interests logically related to both policies. Jones has

failed to produce any evidence suggesting that these justifications are not the true motivation for the TDCJ policies. Accordingly, Jones's claims with respect to the videotapes also fail under the First Amendment.

*B. TDCJ's Generic Muslim Services*

Jones next asserts that the TDCJ violated his religious liberties by: 1) refusing to allow him and other NOI adherents to undertake certain rituals at the weekly Muslim service; 2) refusing to permit Jones or other NOI adherents to give sermons and lectures at all Muslim services; 3) refusing to authorize NOI adherents to form religious study groups; and 4) refusing to allow Jones and other NOI adherents to pray separately at the weekly Muslim services. None of these claims have merit. Instead, we again agree with the district court that Jones cannot make out a genuine issue of material fact as to any of his allegations regarding the TDCJ's religious services policy.

First, Jones cannot make out a RLUIPA claim because the defendants' summary judgment evidence conclusively establishes that the structure of TDCJ Muslim services constitutes the least restrictive means to advance a compelling government interest, and Jones has no competent contrary evidence. Specifically, the defendants clearly demonstrate, as noted by the district court, that the generic structure of TDCJ Muslim services maximizes inmates' religious liberty while addressing compelling government interests including security problems, staffing limitations, and space constraints.

Similarly, Jones cannot make out a First Amendment claim. We defer to the policy decisions of prison regulators where limitations on religious liberties are reasonably related to legitimate penological interests. *Baranowski v. Hart*, 486 F.3d 112, 120 (5th Cir. 2007). Under *Baranowski*, we ask: (1) whether there is a rational relationship between the regulation and the legitimate government interest advanced; (2) whether the inmates have available alternative means of exercising the right; (3) the impact of the accommodation on prison staff, other

inmates, and the allocation of prison resources generally; and (4) whether there are "ready alternatives" to the regulation. *Id.* Here, the defendants have provided ample evidence demonstrating that its decision to refuse specialized services for NOI Muslims was based upon both security concerns and resource limitations. NOI inmates may still exercise their religious rights through the weekly group worship meetings. Moreover, as noted with respect to RLUIPA, TDCJ's plan represents the least restrictive means of advancing multiple compelling government interests. As such, Jones cannot make out a First Amendment claim under *Baranowski* with the evidence he advanced in support of his claim below.

*C. NOI Religious Holidays*

Jones contends that the TDCJ has refused to acknowledge two NOI observance days. As the district court notes, plaintiff's own exhibits show that his request has been referred to the Religious Practice Committee ("RPC") for discussion and approval. Jones did not submit evidence showing that his request was denied. Jones did not submit evidence showing that he filed additional grievances to determine the status of the RPC's review. Jones did not submit evidence that the TDCJ interferes with his observance of the NOI holidays. In fact, Jones did not provide any evidence that observing these "holidays" constitutes a religious exercise before filing his appellate brief and then only did so by conclusory allegation and a non-specific citation to *Jet Magazine*.[4] Without more, Jones simply cannot raise a genuine issue of material fact as to whether the TDCJ has infringed on his Free Exercise rights or as to

---

[4] Jones also cites Exhibits 81-91 in support of his religious holiday argument. Exhibits 81-84 make no mention of either holiday and appear to be internet homilies issued by the NOI leadership. Jones's Exhibits then skip from Exhibit 84 to Exhibit 108. No Exhibit 85, 86, 87, 88, 89, 90, or 91 appears in the record.

whether the TDCJ has created a substantial burden on his ability to practice his faith.

## D. *NOI Dietary Requirements*

Jones raises one claim with respect to the TDCJ pork-free menu option for NOI adherents. He asserts that, while the TDCJ does in fact provide alternative options, his religious beliefs prohibit the consumption of any of the alternatives provided. Instead, he claims his religious beliefs require the TDCJ to serve him nothing but fresh fruits, vegetables, chicken, and fish. Yet Jones has provided absolutely no evidence that the alternative foods offered to NOI inmates are prohibited by his faith. Instead, he simply contends that he personally believes that he may not eat those foods. This lack of evidence, alone, is sufficient for us to find that he has not created a genuine issue of material fact. Jones's claims also fail because requiring the TDCJ to specially accommodate NOI adherents and every one of the other 140 religious sects in the TDCJ would create undue burdens on prison administration and the TDCJ policy represents the least restrictive means available for handling religious dietary issues. *See Baranowski*, 486 F.3d at 122 (upholding TDCJ's refusal to provide kosher meals to Jewish inmates under First Amendment and RLUIPA).

## E. *Jones's Motion to Amend*

Finally, Jones appeals the district courts denial of his motion to amend his complaint to add a request for monetary damages in connection with his RLUIPA claim. As our decision today affirms summary judgment on all of Jones's thirty-three claims, we need not reach this issue.

## IV. CONCLUSION

After reviewing the record, we agree with the district court that Jones simply has not raised a genuine issue of material fact on any of the claims he has appealed to this court. Accordingly, the district court's judgment is AFFIRMED. Additionally, Jones's motion for appointment of counsel is DENIED.