# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2010

Lyle W. Cayce
Clerk

No. 10-10191
Summary Calendar

LESTER L. WALKER,

Plaintiff-Appellant,

versus

TIMOTHY GEITHNER, Secretary,
United States Department of Treasury,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-317

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Lester Walker, *pro se*, appeals a summary judgment on his racial discrim-ination and retaliation claims against his employer.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10191

I.

Since June 1995, Walker, who is black, has been a Final Verifier for the Department of Treasury, Bureau of Engraving and Printing; from January 1994 to June 1995, he was a Bureau police officer. In August 2002, he applied for his old position as a police officer. Ernest Coleman, Inspector of Police Service Branch, selected applicants to fill the multiple vacancies, and Martha Howe, Manager of the Security Division, approved the selections. Walker was not selected.

In February 2003, Walker met with an Equal Employment Opportunity ("EEO") counselor. In August 2003, he applied for a supervisory police officer position (sergeant). Coleman and two other Bureau employees interviewed applicants, Coleman selected applicants to fill the vacancies, and Howe approved the selections. Walker was not chosen for that position, either. Of those who were hired as police officers, at least one is black; of the three hired as sergeants, one is black and another hispanic.

II.

Walker filed a charge of discrimination with his EEO representative, and hearings were held in late 2004 and early 2005. In May 2005, the administrative law judge overseeing the hearing issued a finding of no discrimination, and the EEOC denied Walker's appeal and request for reconsideration. Walker sued under title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging discrimination on the basis of race and in retaliation for previous EEO activity when he was not selected for either police officer position.

III.

A summary judgment is reviewed de novo. *Bolton v. City of Dallas*, 472

No. 10-10191

F.3d 261, 263 (5th Cir.2006). We view the evidence in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the movant has the burden of showing that summary judgment is appropriate, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); FED. R. CIV. P. 56(c). Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim. *Celotex*, 477 U.S. at 323-25. Once the moving party has carried its burden, the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Matsushita*, 475 U.S. at 587. Conclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment. *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).[1]

A.

Absent direct evidence, we analyze claims of racial discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The burden is on the plaintiff to make out a *prima facie* case of racial discrimination, *id.* at 802, by showing (1) he belongs to a protected class; (2) he applied and was qualified for the job sought; (3) despite his qualifications, he was rejected; and (4) after his rejection, the position was filled by someone not in the protected class, *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 468 (5th Cir. 2001). If the plaintiff can establish a *prima facie* case, the burden shifts to

---

[1] Because the same facts underlie Walker's discrimination claims under title VII and § 1981, and both statutes require the same burden of proof, we analyze the claims together. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

No. 10-10191

the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802.  If the employer meets that burden, the burden shifts to the plaintiff to prove that the proffered reason is not true, but rather a pretext for the real discriminatory purpose.  *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).

Walker's *prima facie* case is weak, because other blacks were hired for both positions.[2]  But, even assuming that Walker met his burden, the employer has articulated legitimate, non-discriminatory reasons for his non-selection for both positions.  As for the police officer position, Walker's previous supervisor told Howe that Walker "wasn't a good choice for the security division" because he often "tested the limits" of employment policies.  As an example, the supervisor said that Walker had wanted to "find out just exactly how much time he [could] get off for [donating] blood and that kind of stuff."  Because of those comments, Howe did not approve Coleman's selection of Walker.  As for the sergeant position, Walker's employer asserts that he was not as qualified as the other applicants.[3]  Walker has not pointed to any evidence showing that those reasons were pretext for race discrimination, so the employer was entitled to summary judgment.

---

[2] Two of the three sergeants hired were minorities.

[3] At the time he interviewed, Walker had 1½ years' experience as a Bureau police officer, with no supervisory police experience, and had been away from law enforcement for over eight years.  The other three applicants, all of whom were hired, had much more experience: Thomas was a Bureau officer when he applied, with over 11 years in that position and 9 years' supervisory experience in the Air Force; Cartagena was also a current Bureau officer with 6 years in that position, plus experience as a temporary sergeant, and 2 years as a police officer with the Veterans Administration and 18 years' supervisory police experience with the Air Force; Barnes had over 10 years as a Bureau officer, including more than 7 years as a Bureau sergeant.

No. 10-10191

B.

We analyze retaliation claims using the same *McDonnell Douglas* framework. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001). To establish a *prima facie* case of unlawful retaliation, a plaintiff must demonstrate (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) a causal link exists between the protected activity and the adverse decision. *Id.* A "causal link" arises where "the employer's decision to terminate was based in part on knowledge of the employee's protected activity." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

Walker cannot establish a *prima facie* case of retaliation, because there is no evidence that his employers were aware of his protected activity, so there is no causal link. Walker claims that he was involved in protected EEO activity in 1997 and from 2000 to 2002. First, the 1997 EEO complaint is irrelevant, because the complaint was *against* Walker and other employees. Second, although Walker asserts that from 2000 to 2002 he supported another employee in filing and litigating an EEO complaint, he defends that assertion with nothing but conclusional statements, which are insufficient to withstand summary judgment. Further, both Coleman and Howe denied knowing that Walker had engaged in any EEO activity before he applied for the police officer position.

The evidence shows that Walker first engaged in protected activity in 2003, after he applied for the police officer position but before he applied for sergeant. There is no evidence, however, to link that activity to his non-selection for sergeant. Coleman, the initial decisionmaker, was unaware of Walker's discussions with the EEO counselor in 2003, and Walker has produced no summary judgment evidence to the contrary. Because there is no genuine dispute of material fact, defendant was entitled to summary judgment.

AFFIRMED.