# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2012

No. 11-40412

Lyle W. Cayce
Clerk

PAUL MAGEE,

Plaintiff - Appellant

v.

CITY OF SOUTH PADRE ISLAND, A Municipal Corporation,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CV-227

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Paul Magee ("Magee") appeals the district court's denial of his motion for summary judgment and the grant of Appellee City of South Padre Island's ("South Padre") motion for summary judgment, upholding the constitutionality of the challenged ordinance. For the following reasons, we AFFIRM.

## BACKGROUND

Appellant Magee owns a small business that organizes entertainment events, some occurring within South Padre's city limits. While Magee was on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40412

South Padre public beach with pamphlets for his business in his backpack, code enforcement officers issued Magee a citation pursuant to a city ordinance prohibiting distributing commercial materials on South Padre's public beaches (the "Beach Ordinance").  Magee allegedly was not actively distributing the commercial materials on the beach at the time he was cited.  Subsequently, South Padre's assistant city attorney dismissed the charge against Magee for insufficient evidence.

Magee filed the instant lawsuit, alleging free speech, due process, and equal protection claims regarding the Beach Ordinance.  Ultimately, Magee amended his complaint to remove all claims except the vague-as-written challenge to the Beach Ordinance.  The parties filed cross-motions for summary judgment on this point.

Concluding that the Beach Ordinance was not unconstitutionally vague, the district court denied Magee's motion for summary judgment and granted South Padre's motion, disposing of all issues in the case.  *Magee v. City of Padre Island*, No. B-09-227 (S.D. Tex. Mar. 10, 2011).  The instant timely appeal followed.

## DISCUSSION

We have appellate jurisdiction under 28 U.S.C. § 1291.  We review a grant of summary judgment *de novo*.  *Bolton v. City of Dall.*, 472 F.3d 261, 263 (5th Cir. 2006) (citing *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).  "Summary judgment is appropriate where the record demonstrates that there is no issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).  The question presented here is a pure question of law to which *de novo* review applies.  *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006).

No. 11-40412

As narrowed by the proceedings in the district court, the only remaining contested legal issue is Magee's facial challenge to the constitutionality of the Beach Ordinance.[1]  Specifically, Magee argues that the Beach Ordinance is vague as written because: (1) it fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; and (2) it may authorize or even encourage arbitrary and discriminatory enforcement because its fails to provide sufficient guidelines to law enforcement.

The Beach Ordinance provides:

> All peddlers, vendors, and other commercial activity where people are contacted on the public beaches is [*sic*] hereby prohibited and no person may solicit or sell to people located on the public beaches within [South Padre].  (Ord. No. 82, 8-6-80)

According to Magee, the Beach Ordinance is vague because of (1) its use of the term "solicit," (2) the dissociation of "solicit" from "sell" with the disjunctive "or," and (3) the dissociation caused by the placement of "solicit" and "other commercial activity" in separate independent clauses.  Specifically, Magee contends that the Beach Ordinance's grammatical structure and use of the term "solicit," together, enable the Beach Ordinance to potentially be construed to prohibit a street vendor from selling his wares, a political organization from advancing its opinions, or a religious group from proselytizing.[2]

---

[1] Magee states in a few instances in his appellate brief that the Beach Ordinance is also void for overbreadth.  However, Magee did not appeal the dismissal of his First Amendment overbreadth claim.  Furthermore, after filing his motion for summary judgment, he amended his complaint to expressly remove all federal claims except his challenge to the Beach Ordinance as facially void for vagueness under the Fifth and Fourteenth Amendments.  Accordingly, to the extent that Magee attempts to resurrect his overbreadth challenge now, we will not address it.  *See, e.g., Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 763-64 & n.25 (5th Cir. 2008); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[2] As discussed above, *supra* n.1, to the extent that Magee now attempts to resurrect a First Amendment overbreadth claim, we do not consider it.  Accordingly, we consider Magee's references to a political organization advancing its opinions or a religious group proselytizing

No. 11-40412

While acknowledging that the Beach Ordinance may fail to "reach ideal levels of clarity," the district court rejected Magee's arguments that the Beach Ordinance was void for vagueness. The district court held that despite its failings, the Beach Ordinance was clear to both the average citizen as well as to law enforcement. On appeal, we likewise reject Magee's arguments and agree with the district court in holding that the Beach Ordinance as construed is not unconstitutionally vague.

"Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment." *United States v. Williams*, 553 U.S. 285, 304 (2008). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Specifically, under the vagueness doctrine, a penal statute or ordinance fails to comport with due process unless it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."[3] *Kolender v.*

---

only as his attempt to underscore the alleged uncertainty in an ordinary person's understanding regarding what conduct is proscribed, not as actual examples of activities that are potentially proscribed by the Beach Ordinance. To the extent that Magee intended otherwise, we note that Magee seems to confuse the vagueness and overbreadth doctrines. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 n.9 (1982). If Magee is objecting that an ordinary person cannot determine what the Beach Ordinance proscribes, then he is complaining of vagueness. *Id.* On the other hand, if Magee is objecting that the Beach Ordinance would inhibit First Amendment liberties of third parties not before the court, he is complaining of overbreadth. Again, Magee's only claim properly before this court is his vagueness claim.

[3] "The degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment." *Hoffman Estates*, 455 U.S. at 498. Economic regulation and enactments with civil rather than criminal penalties are subject to a less strict vagueness test while criminal laws or those that threaten or inhibit the exercise of constitutionally protected rights are subject to a more stringent vagueness test. *See id.* at 498-500. Here, both parties submit that the Beach Ordinance is penal even though the record suggests it may be more akin to an enactment with civil rather than criminal penalties. Since the record is unclear as to the exact

*Lawson*, 461 U.S. 352, 357 (1983) (citations omitted); *see also Williams*, 553 U.S. at 304.

In addition, "[a] law that does not reach constitutionally protected conduct" may be successfully challenged "on its face as unduly vague, in violation of due process," only if the challenger can demonstrate that "the law is impermissibly vague in all of its applications." *Hoffman Estates*, 455 U.S. at 497. Thus, we have recognized that "'[a] facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Robinson*, 367 F.3d 278, 290 (5th Cir. 2004) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see also Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 548 (5th Cir. 2008) ("At a threshold level, Plaintiffs confront a heavy burden in advancing a facial constitutional challenge to an ordinance." (citations omitted)).

Furthermore, facial vagueness challenges, in particular, are generally "disfavored for several reasons," including but not limited to, the fact that facial invalidity claims often "rest on speculation." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008); *see also Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998) ("Facial invalidation 'is, manifestly, strong medicine' that 'has been employed by the Court sparingly and only as a last resort.'" (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973))). Accordingly, "[i]n determining whether a law is facially invalid, we must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." *Wash. State Grange*, 552 U.S. at 449-50 (citing *United States v. Raines*, 362 U.S. 17, 22 (1960)). Moreover, "speculation

---

nature of the Beach Ordinance and neither party has briefed any other relevant standard as applicable, out of an abundance of caution, we, as did the district court, apply the more stringent standard for determining if the Beach Ordinance is vague on its face. *See id.*

No. 11-40412

about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid 'in the vast majority of its intended applications.'" *Hill v. Colorado*, 530 U.S. 703, 733 (2000) (quoting *Raines*, 362 U.S. at 23). Indeed, hypothetical situations, speculation, and theoretical possibilities are "of no due process significance" unless they ripen into prosecution. *Hoffman Estates*, 455 U.S. at 503 n.21.

Here, Magee's only challenge to the Beach Ordinance is that it is void for vagueness as written. He rests this contention primarily on the Beach Ordinance's arguably poor use of syntax and semantics. However, perfection in language is not required. *See Grayned*, 408 U.S. at 110 ("Condemned to the use of words, we can never expect mathematical certainty from our language."); *Boyce Motor Lines v. United States*, 342 U.S. 337, 340 (1952) ("[F]ew words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded."). Indeed, even if the Beach Ordinance is "marked by 'flexibility and reasonable breadth, rather than meticulous specificity,'" what matters is that it is clear what the Beach Ordinance "as a whole prohibits." *Grayned*, 408 U.S. at 110 (internal citation omitted).

It is clear to us that the Beach Ordinance, even with its use of the term "solicit," only regulates commercial activity and its attendant commercial speech. Specifically, the pertinent section of the Beach Ordinance, Section 13-17, is entitled "Beaches–Peddlers, commercial activity prohibited thereon," and the Beach Ordinance is found in the Code of Ordinances at Chapter 13, which is entitled "Peddlers, Solicitors, Itinerant Vendors, Displays of Merchandise Outdoors and on Beach, Special Event Permits." Given the context, the

announced purpose found in its titling, and the language of the Beach Ordinance itself, it is clear that the Beach Ordinance is designed to prohibit commercial activities, such as those engaged in by peddlers or vendors targeting beachgoers, that may disturb the pleasure and enjoyment of the patrons of South Padre's public beaches.

Furthermore, in analyzing a facial vagueness challenge to an ordinance, "we must consider a municipality's 'authoritative constructions of the ordinance, including its own implementation and interpretation of it.'" *Int'l Women's Day March Planning Comm. v. City of San Antonio*, 619 F.3d 346, 357-58 (5th Cir. 2010) (quoting *Forsyth Cnty., Ga. v. Nationalist Movement*, 505 U.S. 123, 131 (1992)). Here, Magee argues that the vagueness of the Beach Ordinance enables law enforcement to cite a person espousing an unpopular political or religious stance for "soliciting" in violation of the Beach Ordinance. However, that the Beach Ordinance only applies to commercial activities and that the term "solicit" in the Beach Ordinance only concerns commercial solicitation are both uncontroverted. Indeed, South Padre's uncontroverted summary judgment evidence demonstrates that the Beach Ordinance: (1) only prohibits commercial activity on South Padre's public beaches that targets beach patrons, (2) only applies within the specific context of keeping the peace and enjoyment of the beach patrons, and (3) uses the term "solicit" only to refer to "commercial solicitation."

In addition, South Padre has provided uncontroverted summary judgment evidence in the form of an affidavit from the city official responsible for the supervision of the code enforcement officers asserting that the code enforcement officers regularly read the ordinances that they are charged with enforcing. Furthermore, the affidavit states that the code enforcement officers understand that the Beach Ordinance only pertains to commercial activity, and that it does

not apply to non-commercial activity such as the handing out of political or religious pamphlets.

While South Padre produced summary judgment evidence to demonstrate that code enforcement officers are trained to enforce the Beach Ordinance only against commercial activity and in a manner that will not offend the First Amendment, Magee offers only speculation that the Beach Ordinance, through its use of the multi-definitional term "solicit," "may be applied" to non-commercial activities. *See Boyce Motor Lines*, 342 U.S. at 340 ("The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. . . . The use of common experience as a glossary is necessary to meet the practical demands of legislation."); *Am. Commc'ns Ass'n v. Douds*, 339 U.S. 382, 412 (1950) ("There is little doubt that imagination can conjure up hypothetical cases in which the meaning of [a term] will be in nice question. The applicable standard, however, is not one of wholly consistent academic definition of abstract terms. It is, rather, the practical criterion of fair notice to those to whom the [ordinance] is directed. The particular context is all important."). Moreover, Magee provides no evidence that South Padre has ever enforced, attempted to enforce, or, indeed, even threatened to enforce the Beach Ordinance against a political organization advancing its opinions or a religious group proselytizing.

South Padre's Beach Ordinance was written specifically for South Padre's public beach context, and it clearly regulates only commercial conduct on its public beaches while "'delineat[ing] its reach in words of common understanding.'" *Grayned*, 408 U.S. at 112 (quotation omitted); *cf. CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665, 671 (2012) (asserting that if a provision is meant to describe the law in a manner that is concise and comprehensible to a layman, it will be imprecise). Although Magee attempts to suggest that the Beach Ordinance is so vague that an ordinary person could not understand what

is proscribed, Magee himself even admitted that having been an events promoter in South Padre, he unequivocally has known for at least sixteen years what he could and could not do in South Padre, including being aware that if he passed out commercial pamphlets on the beach he would be cited under the Beach Ordinance. Indeed, he even warned his associates against doing the same for fear of citation.

Based on the foregoing, we hold that the district court did not err in concluding that the Beach Ordinance is not impermissibly vague. Taken as a whole, it gives a person of ordinary intelligence fair notice of the conduct it proscribes and provides sufficient guidelines to ensure that enforcement does not hinge on "'the moment-to-moment judgment of the policeman on his beat.'" *Smith v. Goguen*, 415 U.S. 566, 575 (1974) (quotation omitted). Magee presents only speculative and hypothetical arguments to suggest otherwise, and he fails to demonstrate that there is a set of circumstances under which the Beach Ordinance would be invalid. *See Wash. State Grange*, 552 U.S. at 449-50; *Salerno*, 481 U.S. at 745.

AFFIRMED.