CITY OF FORT WORTH ET AL. V. LEE A. LILLARD ET AL.

No. 4411.   Decided May 4, 1927.

(294 S. W., 831).

**Cities—Prohibiting Use of Streets—Vehicles Carrying Passengers for Hire.**

A municipal corporation (City of Fort Worth) charter of which under the Home Rule Amendment declared the use of public streets therein a privilege subject to control by the City Council had no authority thereunder to prohibit the use of its streets by vehicles carrying passengers for hire.  It was properly enjoined from enforcing an ordinance prohibiting such use except under license from the city.  City of Arlington v. Lillard, ante, p. 446, followed.   (Pp. 511-513).

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Lillard and others operating a motor bus line between Dallas and Fort Worth obtained a temporary injunction against the City and its authorities enforcing an ordinance prohibiting the use of its streets by their vehicles.  On appeal by defendants and a judgment sustaining the injunction (272 S. W., 577) appellants obtained writ of error.

*E. Rouer, Ellis A. Johnson,* and *E. F. Smith,* for plaintiffs in error.

The State has absolute control over its highways including the streets and alleys of towns and cities, and may delegate to towns and cities the right to regulate or prohibit the use of streets and alleys for business purposes. Robbins v. Limestone County, 268 S. W., 915; 13 R. C. L., Section 143; McQuillin, Municipal corporations, Vol. 1, Sec. 227; Marietta Chair Co. v. Henderson, 121 Ga., 399, 49 S. E. 312; Harder's Storage Co. v. Chicago, 235 Ill., 58; Cicero Lumber Company v. Cicero, 176 Ill., 9, 51 N. E., 758; La Harpe v. Gas Co., 69 Kan., 97, 76 Pac., 448; Baltimore v. Flack, 104 Maryland, 107, 64 Atl., 702; State v. Board of Park Commissioners, 100 Minn., 150, 110 N. W., 1121; State v. Missouri Telegraph Co., 189 Mo., 83, 88 S. W., 41; Reis v. New York, 188 N. Y., 58, 80 N. E., 573; Simon v. Northrup, 27 Ore., 487, 40 Pac., 560; Baird v. Rice, 63 Pa. St., 489; Columbus v. Union Pacific Ry. Co., 137 Fed., 869; Memphis v. Telegraph Co., 139 Fed., 707.

The power to control the use of its streets has been expressly delegated by the State of Texas to the City of Fort Worth.

The City of Fort Worth having exclusive dominion, control and jurisdiction over its streets, may, under its general police power, prohibit the use of its streets by motor vehicles engaged in the business of carrying passengers and freight for hire if, in the judgment of the lawmaking body of the city, such use of the streets is detrimental to the general welfare of its citizens. Allman v. Mobile, 162 Ala., 226; Anderson v. Fidelity & Casualty Co., 228 N. Y., 275; Berry on the Law of Automobiles, Sec. 1512; Chicago v. Gunning System, 214 Ill., 628; Chicago v. Shaynin, 258 Ill., 69; City of New Orleans v. LeBlanc, 139 La., 135; City of San Antonio v. Fetzer, 241 S. W., 1034; City of San Antonio v. Stokes, 246 S. W., 706; City of Waco v. Powell, 32 Texas, 258; Commonwealth v. Bearse, 132 Mass, 542; Commonwealth v. Plasted, 148 Mass., 375; Crawford v. Topeka, 51 Kan., 756; Cummins v. Jones, 79 Ore., 276; Dent v. West Virginia, 129 U. S., 114; Dresser v. City of Wichita, 96 Kan., 820; Ex Parte Cardinal, 150 Pac., 348; Ex Parte Chaney, 90 Cal., 617; Ex Parte Dickey, 76 W. Virginia, 576; Ex Parte Hughes, 50 Texas Crim. Rep., 614; Ex Parte Luna, 266 S. W., 415; Ex Parte Ott, 275 S. W., 829; Ex Parte Townsend, 64 Texas Crim. Rep., 350; Gill v. City of Dallas, 209 S. W., 209; Green v. City of San Antonio, 176 S. W., 6; Holden v. Hardy, 169 U. S., 366; H. & T. C. Ry. Co. v. Dallas, 98 Texas, 396; Huston v. Des Moines, 176 Iowa, 445; La Harpe v. Gas Co., 69 Kan., 97; Lakeshore Ry. Co. v. Smith, 173 U. S., 684; Louisville Ry. Co. v. Kentucky, 161 U. S., 677; McQuillin Municipal Corporations,

Sec. 1920; Memphis Street Ry. v. Rapid Transit Co., 179 S. W., 635; Minneapolis Ry. Co. v. Beckwith, 129 U. S., 26; Muggler v. Kansas, 123 U. S., 623; Nolen v. Reichman, 225 Fed., 812; Northwestern Telegraph Exchange Co. v. Minnesota, 81 Minn., 140; Peters v. City of San Antonio, 195 S. W., 989; People Ex Rel town of Sterling v. Chipman, 70 Pac., 1108; People Ex Rel Rice v. Burke, 69 N. E., 45; Powell v. Pennsylvania, 127 U. S., 678; Radice v. New York, 264 U. S., 292; 6 R. C. L., 111, 191; Slaughter House Cases, 16 Wall., 36; Smith v. State, 130 Md., 482; Soon Hing v. Crowley, 113 U. S., 703; State v. Brass, 2 North Dakota, 482; State v. Central Lumber Co., 24 South Dakota, 136; State v. Mountain Timber Co., 75 Wash., 581; State v. Pitney, 140 Pac., 918; State Racing Commission v. Latonia Agricultural Ass'n, 136 Ky., 173; Sterrett Packing ·Co. v. Portland, 79 Ore., 260; Tarkio v. Cook, 120 Mo., 1; Tiedman on Municipal Corporations, Sec. 299; Waters-Pierce Oil Co. v. New Iberia, 47 La., Ann., 863; Welsh v. Swasey, 193 Mass., 364; West v. City of Waco, 275 S. W., 282.

*Mayer, Rowe & Brown,* for defendants in error.

Mr. Justice PIERSON delivered the opinion of the court.

The opinion of the Honorable Court of Civil Appeals sets out very fully the pleadings in the case, and may be found in 272 S. W., 577.

The facts material to a decision of the case may be summarized as follows:

The City of Fort Worth, by a vote of its people, on December 11, 1924, adopted its charter under the Home Rule Amendment to the State Constitution, which charter contained the following provision:

"The use of the said public streets, highways, alleys and thoroughfares of this city which does not require the digging up or similar interference with said streets, alleys or highways for the installation of equipment, appliances or appurtenances to make the intended use possible, shall be treated and considered as a privilege subject to the control and disposition of the City Council, and such privilege over and upon the said public streets, alleys, highways and thoroughfares of the city shall not be granted to any person or corporation excepting when public necessity and convenience may require such use and when given by ordinance passed by two-thirds vote of the City Council."

In accord with said charter provision the City of Fort Worth enacted an ordinance which in effect was a prohibition of the use of the City's streets by those carrying passengers for hire, as disclosed by the caption to said ordinance in the following language:

"An ordinance declaring the right to use the public streets, highways, alleys and thoroughfares of the city of Fort Worth for the purpose of carrying passengers for hire to be a privilege and unlawful, unless the public necessity and convenience does in fact require such use, and a certificate of public necessity and convenience has been granted by the city council of the city of Fort Worth, and a permit issued in pursuance thereof by the city secretary; classifying vehicles carrying passengers for hire into two classes, and defining the same: Providing for the application for and the granting of such certificates and permits; declaring the operation of vehicles for the carriage of passengers in violation of this ordinance to be unlawful; fixing a penalty, and declaring an emergency."

Defendants in error, who are carriers of passengers for hire between Fort Worth and Dallas and intermediate points, and along and over the streets and highways of the City of Fort Worth, filed this suit in the District Court of the 96th Judicial District to enjoin the enforcement of said ordinance. Defendants in error alleged that the City Council of the City of Fort Worth at the time the ordinance was passed was without power to enact ordinances, and in addition, that the ordinance in question was not enacted in accordance with charter provisions, and that for these reasons the ordinance was void. They allege also that

"Under the guise of enacting a regulatory measure, regulating the character of business therein dealt with, an ordinance and regulation was passed having for its real object and purpose the prohibiting of motor busses operating on the streets of the City of Fort Worth, and transporting therein passengers, for hire, and thence to, from and between the points hereinabove mentioned; and especially prohibiting the operation of such vehicles between the City of Fort Worth and the City of Dallas; and its purposes and intentions were wholly prohibitory and not regulatory."

The elaborate allegations of defendants in error relating to the finely built, hard-surfaced highways and streets, and the efficiency and profitableness of their business, do not add anything to their cause of action, and are immaterial to the issue which controls the decision of the case.

The Honorable District Judge granted a temporary injunction, which action was on appeal affirmed by the Honorable Court of Civil Appeals for the Second Supreme Judicial District.

A writ of error was granted with the following notation: "We are not satisfied with the conclusions reached by the Court of Civil Appeals; at the same time we entertain grave doubts as to the validity of both the charter provision and the ordinance involved."

The Court of Civil Appeals affirmed the action of the District Judge granting the temporary injunction on the ground that the ordinance was not legally enacted, in that it was not enacted in accordance with charter provisions. We will not carefully examine into or discuss that question, as we conclude that the ordinance is invalid as being beyond the power of the City to enact.

It is clear from a reading of the caption of the ordinance that its purpose and effect was to prohibit the use of the streets of the City of Fort Worth for the purpose of carrying passengers for hire.

In an opinion delivered today in the case of The City of Arlington et al. v. Lee A. Lillard et al., this Court held that a city is without power to prohibit the use of its streets to those carrying passengers for hire. Under the law as declared in that case the temporary injunction was properly granted by the District Judge.

Therefore, the judgment of the Court of Civil Appeals should be affirmed, and it is so ordered.