**Pat HENDERSON, Plaintiff-Appellant,**

**v.**

**Gavino SOTELO, Individually and as City Manager of Harlingen, Tx., et al., Defendants-Appellees.**

**No. 83–2383.**

United States Court of Appeals, Fifth Circuit.

June 3, 1985.

James A. Herrmann, Harlingen, Tex., for plaintiff-appellant.

Robert L. Galligan, Weslaco, Tex., for Sotelo, et al.

Michael J. Cosentino, Harlingen, Tex., for defendants-appellees.

Before RUBIN, POLITZ, and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This is an appeal from a denial of a preliminary injunction and the dismissal of an action for damages filed pursuant to the due process clause of the United States Constitution and 42 U.S.C. § 1983, based on a finding that appellant had no property interest in continued employment. We affirm.

## FACTS AND PROCEEDINGS BELOW

Appellant, Pat Henderson, was employed by the City of Harlingen, Texas, in 1979 as a Building Inspector. In March 1982, he was appointed Chief Building Inspector by the City Manager, Gavino Sotelo. On July 9, 1982, appellant was fired by his immediate supervisor, Mike Perez, the Director of Urban Development. He was given a handwritten memo stating reasons for the decision. Appellant wrote a letter, dated July 10, 1982, to the City Manager responding to the memo. On July 15, 1982, at a meeting with his supervisor and the City Manager, appellant agreed to accept a three-day suspension and a demotion to the position of Senior Building Inspector. On July 16, 1982, appellant received a paycheck which reflected a decrease in salary. On July 19, 1982, he delivered a letter to the City Manager refusing to accept the demotion and suspension and stating that he intended to continue functioning as Chief Building Inspector.

By letter dated July 19, 1982, the City Manager informed appellant that his employment was terminated because he would not accept the agreed upon position. Following this termination, Commissioner James Werner, who had been approached by appellant, unsuccessfully attempted to bring the issue before an executive session

of the Harlingen City Commissioners; the Commissioners refused to discuss the matter. No hearing was held on the issue of appellant's dismissal.

On September 21, 1982, appellant filed suit against his direct supervisor, the Director of Urban Development, the City Manager, the City Commissioners, and the City of Harlingen, Texas seeking injunctive relief and damages pursuant to the due process clause of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. § 1983. Appellant contended that he was summarily dismissed from his position with the City of Harlingen which deprived him of property without due process of law.[1] Hearing was held on appellant's motion for a preliminary injunction seeking reinstatement pending trial. The district court held that appellant did not have a property interest in his employment and therefore did not have a due process claim. The district court "remanded" to the Harlingen City Commissioners to give "advice and consent" to appellant's termination in accordance with the provisions of the City Charter. On January 19, 1983, the City Commissioners met and voted unanimously to ratify the City Manager's decision to terminate appellant's employment. The district court denied appellant's motion for a preliminary injunction as he could not prevail on the merits of his claim for deprivation of due process. Upon agreed mo-

tion of the parties the court further ordered entry of final judgment dismissing appellant's due process claim. For the reasons stated below we affirm the decision of the district court.

## DISCUSSION

Appellant claims deprivation of a property interest in continued employment without due process of law. To prevail, appellant must first show that he had a property interest in continued employment. The United States Supreme Court has stated:

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Such property interests are not created by the Constitution. Rather, they are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Such an entitlement may be expressed in a contract (specifying employment for a certain term absent just cause for dismissal), *Per-*

1. Appellant also contended that he was discharged for publicly criticizing conduct of the City Manager and the Director of Urban Development, which deprived him of "liberty, property and due process of law under the First and Fourteenth Amendments of the United States Constitution." This First Amendment claim remains in district court. The district court addressed only appellant's procedural due process claim. Besides finding that appellant did not have a protected property interest in his employment as Chief Building Inspector, the district court also determined that "Henderson's allegations that he was deprived of liberty without due process can be dismissed [as appellant] failed to present any evidence that his standing and association in the community were damaged by the representation of the City of Harlingen concerning his termination." As appellant does not address the liberty interest issue on appeal, we limit our consideration to determining whether the district court erred in finding

that appellant had no property interest in continued employment. The district court denied appellant's motion for a preliminary injunction, determining that he could not prevail on the merits of his claim for deprivation of procedural due process. Upon agreed motion of the parties, the court further ordered the entry of final judgment on less than all claims pursuant to Rule 54(b), dismissing appellant's cause of action based on the claim for deprivation of procedural due process. The court determined that "[p]laintiff's claim for violation of his rights to procedural due process are distinct from his claim under the First Amendment." Its rulings disposed of all claims founded on deprivation of procedural due process. We agree with the district court that the First Amendment claims were sufficiently distinct from the procedural due process claims to allow Rule 54(b) treatment. *See Sears, Roebuck & Company v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

*ry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), or in a statute (for example, tenure statutes guaranteeing contract renewal absent just cause for dismissal), *Slochower v. Board of Higher Education,* 350 U.S. 551, 554, 76 S.Ct. 637, 638, 100 L.Ed. 692, *modified on denial of reh'g,* 351 U.S. 944, 76 S.Ct. 843, 100 L.Ed. 1470 (1956).

■ Lack of a formal contractual or statutory guarantee of continued employment is relevant to but may not be dispositive of a claim of property interest in continued employment. *Perry v. Sindermann, supra,* 408 U.S. at 599, 92 S.Ct. at 2698. In *Perry,* the United States Supreme Court held that a college teacher who had no formal tenure provision in his contract should be allowed to show "the existence of rules and understandings, promulgated and fostered by state officials, that may justify his legitimate claim of entitlement to continued employment absent sufficient cause." *Id.* at 602–03, 92 S.Ct. at 2700. The Court likened such understandings to implied agreements in contracts and indicated that "the meaning of [the promissor's] words and acts is found by relating them to the usage of the past." *Id.* (citing 3A *Corbin on Contracts* § 562 (1960)).

■ The sufficiency of the claim to a property interest in employment whether created by statute, contract, or implied contract must be decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Where a state legislature by statute has left the decision regarding employment policies to another body, the court must normally look to the pronouncements of that body to determine whether an employee is subject to peremptory discharge or has an expectation of continued employment absent just cause for dismissal, though those pronouncements will be read and applied in the context of state law. *See Wells v. Hico Independent School District,* 736 F.2d 243, 252–55 (5th Cir.1984); *Conley v. Board of Trustees of Granada County Hospital,* 707 F.2d 175 (5th Cir.1983); *McMillian v. City of Hazlehurst,* 620 F.2d 484 (5th Cir.

1980); *United Steel Workers of America v. University of Alabama,* 599 F.2d 56, 60 (5th Cir.1979). By contrast, once it is determined that a property interest exists under state law, then, to determine what process is due for purposes of the due process clause of the Fourteenth Amendment, federal law must be looked to. *Cleveland Board of Education v. Loudermill,* —— U.S. ——, 105 S.Ct. 1487, 1492–93, 84 L.Ed.2d 494 (1985).

■ Under Texas law, home rule cities, such as Harlingen, generally may create their own offices and establish policies for determining the "manner and mode of selecting officers and prescribing their qualifications, duties, compensation, and tenure of office" in their charters. Tex.Rev.Civ. Stat.Ann. art. 1175 § 1 (Vernon 1963). Thus, such cities may determine by charter whether employment in certain city offices is at will or continuous absent just cause for dismissal, and Texas courts will give effect to such charter provisions. *E.g., Ratliff v. City of Wichita Falls,* 115 S.W.2d 1153 (Tex.Civ.App.—Amarillo 1938, writ dism'd) (where city charter provided that city recorder shall be appointed for two years, but is subject to removal by board of aldermen at any time, governing board of city had full authority to remove employee with or without cause at any time); *City of San Benito v. Cervantes,* 595 S.W.2d 917 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.) (where city charter provided for appointment of city manager for term of two years eligible for reappointment indefinitely, but also made him removable at will of city commission on thirty days' notice with right to post-termination hearing, city had right to discharge city manager without cause at will).

Harlingen is a home rule city, and it has established a Charter which creates certain City offices. The Charter provides that the City Manager "shall ... appoint and/or remove all department heads and other key City administrative employees (as designated by ordinance from time to time) with the advice and consent of the Commission." Charter, City of Harlingen, art. IV § 11.

The parties stipulated that appellant's position is such a key administrative post, created by ordinance. Code, City of Harlingen, § 8–2 (Ord. No. 62–25, 12–5–62). While this provision does not specifically state whether such employees may be removed only for cause or solely at the will of the City Manager, another Charter provision states that "all appointive officers and employees shall be subject to peremptory discharges as herein provided." Charter, City of Harlingen, art. IV § 14. Thus, the City Manager may peremptorily discharge an appointed officer or employee if he does so with the "advice and consent" of the City Commissioners. Though the precise meaning of this latter phrase is somewhat unclear, the parties stipulated that the advice and consent of the City Commissioners was not obtained prior to appellant's termination. The City contends that the Charter provisions make employment in these positions terminable solely at the will of the City Manager.

In an effort to determine whether the Charter provision requiring the advice and consent of the City Commissioners may have given rise to a mutual understanding which would justify a substantive entitlement under Texas law to continued employment absent cause for termination, the district court considered testimony of appellant's own witnesses pertaining to the common understanding and past usage of that provision in the City of Harlingen. *See Perry v. Sindermann*, 408 U.S. at 602–03, 92 S.Ct. at 2700. The former City Manager testified that he thought the purpose of the provision was to compel the City Manager to inform the City Commissioners of his actions and allow them an opportunity to respond if they wished. Both the former City Manager and a former Chief Building Inspector further testified that it was their understanding that the City Manager could hire and fire such appointed employees at will and that personnel policies referring to dismissal for cause did not apply to such employees.

As the United States Supreme Court has stated, "[t]he State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right." *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983). In a similar vein, the Court recently remarked "[t]he categories of substance and procedure are distinct" and " '[p]roperty' cannot be defined by the procedures provided for its deprivation." *Cleveland Board of Education v. Loudermill*, 105 S.Ct. at 1493. In this case, the properly determined purpose and function of the provision requiring the advice and consent of the City Commissioners is to keep the Commissioners informed of the Manager's actions and to give them an opportunity to respond when they think it necessary—thus maintaining an appropriate balance and allocation of governmental power between the Manager and the Commissioners—rather than to afford the appointed employees a proprietary interest in continued employment absent a showing of just cause for dismissal.

■ Thus, this Charter provision is analogous to the personnel ordinance interpreted in *Bishop v. Woods*, 426 U.S. at 347, 96 S.Ct. at 2078—rather than granting a right to continued employment, it merely conditions an employee's removal on compliance with certain specified procedures,[2] in this case acquiring the advice and consent of the City Commissioners. A violation of

---

2. In that case, the language of the ordinance tending to support a guarantee of continued employment absent just cause for dismissal was much stronger than in this case as it provided that a permanent employee should be notified if his work were unsatisfactory and told how to correct it. If the employee "fails to perform work up to the standard of the classification held or continues to be negligent, inefficient or unfit to perform his duties, he may be dismissed by the City Manager" with written notice of the reasons for discharge at his request. *Bishop v. Wood*, 426 U.S. 341, 344 n. 5, 96 S.Ct. 2074, 2077 n. 5, 48 L.Ed.2d 684 (1976). However, the Supreme Court accepted the district court's interpretation that the ordinance merely established procedures for terminating employees, though on its face it might be read as a guarantee of continued employment absent termination for good cause. *Id.* at 347, 96 S.Ct. at 2078.

such procedures, though it might give rise to some other cause of action against the employer, "would not seem to *create* a property interest which otherwise did not exist." *Wells v. Hico Independent School District*, 736 F.2d at 253 n. 13 (emphasis in original). Accordingly, we hold that under the City Charter, notwithstanding its provision that employees such as appellant could be discharged only with the "advice and consent" of the City Commissioners, appellant had no entitlement to continued employment absent good cause for termination and had no property interest in his status as a City employee. Further, the fact that his discharge may have violated the Charter's "advice and consent" clause does not suffice to sustain appellant's claim of deprivation of property without due process.[3]

■ Appellant also relied on provisions of the City of Harlingen Personnel Policy Manual which he contended created an entitlement to continued employment absent just cause for dismissal. He points to certain of these provisions which might be construed to create such an entitlement with respect to the employees to whom they apply. *See Conley v. Board of Trustees of Granada County Hospital*, 707 F.2d 175 (5th Cir.1983).[4] This Court has found that provisions in personnel policy manuals or city rules and regulations which specify reasons for dismissal may be read to create an "only for cause" dismissal requirement thereby creating a legitimate entitlement to continued employment absent such cause. *Id.* at 180 (employee guidebook limits hospital's right to terminate employee to specified causes or circumstances by listing reasons for terminating employees); *Glenn v. Newman*, 614 F.2d 467, 471–72 (5th Cir.1980) (city rules governing employment conditions and employee conduct that list violations which may warrant dismissal of career officer or employee meant to be analogous to allowing termination only for cause). On the other hand, merely because a municipal personnel policy states that certain conduct may result in discharge does not necessarily mean that the city has forfeited the right it would otherwise have to discharge without cause. *McMillian v. City of Hazlehurst, supra. See also United Steel Workers of America*, 599 F.2d at 60.

The district court found that the Policy Manual did not apply to Henderson's posi-

---

3. The district court gave the defendant an opportunity to comply with its own procedures by asking the City Commissioners to give their advice and consent to Henderson's termination, which was referred to as a remand. At a meeting on January 19, 1983, the City Commissioners of Harlingen took up the question of giving advice and consent to the City Manager's termination of appellant's employment. The City Commissioners voted unanimously in support of the City Manager's action.

Of course, sending the parties to seek the advice and consent of the City Commissioners was not really a "remand" because the case did not originate with the City Commissioners. Rather, it was in the nature of a stay of proceedings before final judgment to allow the parties officially to comply with the language of the City Charter, which the district court described as "the soundest course available to the parties." We do not suggest that these procedures either did or did not "cure" the violation of the "advice and consent" clause. Even if there were no such "cure," that would not suffice to establish that appellant had a property interest in his continued employment.

4. For example, one stated purpose of the rules is "to maintain ... tenure practices." Harlingen Personnel Policy Manual, Ch. 1, § 1(c). Also, the chapter devoted to discipline and redress (evidently including reprimand, suspension, involuntary demotion and dismissal) includes a nonexhaustive list of grounds constituting just cause for disciplinary action:

"*Section 1. Grounds*
"Disciplinary action may be administered for just cause by a department head, division head, or the City Manager as appropriate. Just cause includes, but is not limited to illegal, unethical, abusive, or unsafe acts; violation of City rules, regulations, policies, or procedures; insubordination; inefficiency; neglect or abandonment of duties; participation in prohibited political activity or solicitation; abuse of sick leave or or other benefits; tardiness or absence without leave; falsification of official documents or records; being under the influence of drugs or intoxicating beverages while on duty; waste, damage or unauthorized use of City property or supplies; and unauthorized use or disclosure of official information." Harlingen Personnel Policy Manual, Ch. 9, § 1.

tion based on a reading of the document as a whole. *See United Steel Workers of America,* 599 F.2d at 60 (must read employee handbook in its entirety to glean expectations of parties). Upon reviewing the entire Manual, the district court found that the City meant to establish a dichotomy between employees in appointed positions, such as appellant, and other City employees. The court stressed the provisions regarding discipline which direct department heads and administrative officials (or the City Manager) to administer discipline to other City employees, Harlingen Personnel Policy Manual, Ch. 9, §§ 1–5, and those which specifically exclude exempt employees from the right to appeal a disciplinary demotion or dismissal.[5]

The district court also relied on the testimony of appellant's witnesses to determine the common understanding as to whether Policy Manual provisions, particularly those on discipline, applied to appellant's position. These witnesses, including a former City Manager, a former Chief Building Inspector, and the City Secretary testified that the provisions regarding discipline or termination of employees for just cause did not apply to exempt employees such as Henderson as they could be fired by the City Manager at any time without recourse.

 Furthermore, in the cases relied on by appellant the policy manual or rules in question were the only expression of the conditions under which employees could be terminated. In this case the City Charter, which "must be held to be controlling over ordinances and resolutions of city council," *Cole v. City of Houston,* 442 S.W.2d 445, 450 (Tex.Civ.App.—Houston 1969, no writ), allows for removal of employees in appellant's position by the City Manager limited only by the requirement for the advice and consent of the City Commissioners. As we have held, the City Charter does not grant a property interest in continued employment. Any Personnel Policy Manual provisions must be construed in accordance with the Charter and may not grant a right inconsistent with the Charter. *See Cole v. City of Houston, supra; Overton v. City of Austin,* 748 F.2d 941, 954–57 (5th Cir. 1984); *City of Fort Worth v. Lillard,* 272 S.W. 577, 580 (Tex.Civ.App.—Fort Worth 1925), *aff'd on other grounds,* 116 Tex. 509, 294 S.W. 831, 832 (1927) (not reaching issue whether ordinance was not enacted in accordance with charter). The district court correctly construed the Personnel Policy Manual in accordance with the Charter when it found that the Manual did not apply to appointive or exempt positions which are governed solely by the applicable Charter provision.

For the foregoing reasons, we hold that the district court did not err in determining that appellant did not have a property interest in his employment with the City. Therefore, the City was not constitutionally required to furnish appellant due process in order to terminate his employment. Accordingly, the decision of the district court is affirmed.

AFFIRMED.

---

5. *"Section 6. Appeal of Disciplinary Demotion or Dismissal*

"There shall be no appeal of disciplinary suspension. Employee as herein defined under this Section 6 for grievance procedure purposes shall mean any employee of the City of Harlingen except the City Manager, the Manager of the City Waterworks, the Airport Manager, or any Department Head. Probationary employees, exempt employees, the City Manager, the Manager of the City Waterworks, the Airport Manager, and Department Heads shall have no right to appeal for disciplinary demotion or dismissal." Harlingen Personnel Policy Manual, Ch. 9, § 6.

In *Glenn v. Newman,* 614 F.2d 467, 472 (5th Cir.1980), this Court found that provision of a review procedure was indicative of a mutual understanding that an employee may be discharged only for cause and that he has a right to challenge that cause. Excluding an employee from such a review procedure would seem to indicate the opposite understanding—that no cause for termination which may be challenged is required.