# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50264

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2016

Lyle W. Cayce
Clerk

STEPHEN C. STEM,

> Plaintiff - Appellant

v.

RUBEN GOMEZ; CITY OF HEARNE, TEXAS,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before PRADO, SOUTHWICK, and GRAVES, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

City councilmembers in Hearne, Texas, terminated former police officer Stephen Stem's employment without notice or a hearing. Stem filed suit alleging the councilmembers' actions violated state law and denied him constitutional due process. The district court dismissed the suit. We AFFIRM in part and REVERSE and REMAND in part.

## FACTS AND PROCEDURAL BACKGROUND

On May 6, 2014, Stephen Stem, a second-year officer at the Hearne Police Department, was dispatched to Hearne resident Pearlie Golden's home on a 9-1-1 call. Roy Jones, Golden's nephew, placed the emergency call. Jones

No. 15-50264

said Golden, who had recently failed a driver's license renewal test, threatened him with a gun after he had taken away her car keys. Stem alleged that when he arrived at the home, Golden pointed the gun at him and refused to put it down upon Stem's direction. Stem said he then fired his weapon "in response to the immediate and deadly threat." Golden was wounded and later died.

Stem alleged that following the shooting there were "considerable protests from residents of Hearne" and groups from outside Hearne. The Hearne City Council posted a notice for a May 10 meeting, listing Stem's employment as an agenda item. The mayor and city attorney announced prior to the meeting that they would recommend terminating Stem. At the May 10 meeting, councilmembers discharged Stem. Stem said he never received a signed, written complaint from any city official prior to his dismissal.

In September 2014, a Texas grand jury failed to indict Stem on any charges related to the incident. One month later, Stem filed this lawsuit against the city of Hearne, Texas, and its mayor in his individual and official capacities (collectively, the "defendants"). Stem alleged that Texas Government Code Section 614.023 created a "constitutionally protected property interest" in his employment as a police officer. Section 614.023 provides that where a "complaint" is filed against an officer covered by the statute[1]:

(a)     A copy of a signed complaint . . . shall be given to the officer . . . within a reasonable time after the complaint is filed.

(b)     Disciplinary action may not be taken against the officer . . . unless a copy of the signed complaint is given to the officer . . . .

(c)     . . . [T]he officer . . . may not be indefinitely suspended or terminated from employment based on the subject matter of the

---

[1] The parties do not contest that Stem was a "peace officer" under Texas Government Code Chapter 614.

2

No. 15-50264

complaint unless:

(1) the complaint is investigated; and

(2) there is evidence to prove the allegation of misconduct.

Tex. Gov't Code Ann. § 614.023.

Stem argues that the defendants' "prejudg[ment]" of him and failure to provide due process in connection with his termination deprived him of due process under the Fourteenth Amendment. Stem brought suit for the deprivation under 42 U.S.C. § 1983. Stem also sought a declaratory judgment that the defendants violated his constitutional rights and state law by terminating his employment without following the requirements of Section 614.023. The defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Stem opposed the motion and also sought leave to amend any deficiencies in his complaint. In January 2015, the district court denied leave to amend and dismissed for failure to state a claim and for lack of jurisdiction. Stem timely appealed.

DISCUSSION

A district court decision to dismiss for failure to state a claim or for lack of subject matter jurisdiction is reviewed *de novo*. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (failure to state a claim); *Ghanem v. Upchurch*, 481 F.3d 222, 223 (5th Cir. 2007) (lack of subject matter jurisdiction). In analyzing the claims, all well-pleaded facts are accepted as true and should be examined "in the light most favorable to the plaintiff." *Bowlby*, 681 F.3d at 219. Dismissal is appropriate if a complaint fails to plead sufficient "facts to state a claim . . . that is plausible[, rather than merely conceivable,] on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the . . . [complaint's] factual content . . .

No. 15-50264

allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Denial of a motion to amend is reviewed for abuse of discretion. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

## I.     *Dismissal for Lack of Jurisdiction*

The defendants argue that the district court lacked subject matter jurisdiction. They contend that because Stem had no property interest in continued employment, there was no jurisdiction to consider his Section 1983 claim. The argument blurs jurisdiction with the merits. If the challenge to jurisdiction "is also a challenge to the existence of a federal cause of action," a district court should assume jurisdiction exists and "deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. May 1981) (relying on *Bell v. Hood*, 327 U.S. 678, 682 (1946)). So long as a complaint is drafted "to seek recovery directly under the Constitution or laws of the United States," a "failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell*, 327 U.S. at 681–82. More recently, the Supreme Court explained that "the nonexistence of a cause of action [is] no proper basis for a jurisdictional dismissal." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 96 (1998). The only exceptions are where the claim was clearly made "for the purpose of obtaining jurisdiction" or is "frivolous." *Bell*, 327 U.S. at 682–83.

Stem stated a claim for relief under a federal statute. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1331. It was not frivolous, and the *Bell* exceptions are inapplicable. The district court erred in dismissing Stem's claims for lack of jurisdiction.

The court also dismissed for failure to state a claim. We turn to whether that dismissal was valid.

4

No. 15-50264

*II.    Dismissal of Section 1983 Claim*

To state a claim under Section 1983, a plaintiff must assert facts to support that a person acting under color of state law denied the plaintiff a right under the Constitution or federal law. *Martin v. Thomas*, 973 F.2d 449, 452–53 (5th Cir. 1992). A "person" includes a local governing body if the action claimed to be unconstitutional implemented a "decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). When a government official is sued under Section 1983, the plaintiff must allege that the official "was either personally involved in the deprivation or that his wrongful actions were causally connected" to it. *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).

Stem asserts that Section 614.023, particularly subsection (c) which established a procedure for addressing complaints, provided him with a constitutionally protected property interest in his job. He alleges that he was unlawfully denied due process guaranteed to him under the Fourteenth Amendment when the mayor recommended discharging him without notice or a hearing and the Hearne City Council acted on that recommendation.

A property interest is more than "an abstract need," a "desire," or a "unilateral expectation" to continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). A claimant must show a "legitimate claim of entitlement" to a procedure which is intended to protect an interest "acquired in specific benefits," in this case, a job. *See id.* at 576–77. A property interest will exist in continued employment if the right to terminate without cause is eliminated. *See Bolton v. City of Dallas*, 472 F.3d 261, 264 (5th Cir. 2006). Conversely, an employee who is terminable at will generally has no constitutionally-protected property interest. *See Muncy v. City of Dallas*, 335 F.3d 394, 398–99 (5th Cir. 2003).

A property interest is not derived from the Constitution but from an

5

independent source such as state law, a contract, or other "understandings." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Therefore, a property interest "cannot be defined by the procedures provided for its deprivation." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Though state law is the source of the right, the question of whether a property interest is created is answered by federal constitutional law. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756–57 (2005).

Stem argues that because his dismissal related to "complaints about his use of force against Ms. Golden," Section 614.023 provided him with a right to continued employment unless the city could produce corroborating evidence that proved the alleged misconduct. *See* Tex. Gov't Code Ann. § 614.023(c). He expanded that assertion at oral argument, contending that Section 614.023 sets a for-cause threshold for dismissal of an officer protected by the statute whenever either a citizen complaint or a criticism from inside city government "may lead to disciplinary action."

For support, Stem cites a state appellate decision. *See Turner v. Perry*, 278 S.W.3d 806 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). There, a school district terminated a peace officer's employment for job performance deficiencies including "inappropriate interaction with students." *Id.* at 813. The officer filed a lawsuit which included a due process claim stemming from the school district's failure to follow the requirements of Section 614.023(c) in firing him. *Id.* at 813, 821–22. The intermediate Texas court agreed. It held that state law and district policy adopting Section 614.023(c) conferred a property interest on the officer: "in the absence of complaints that were signed, delivered, investigated, and supported by evidence, [the officer] had a legitimate expectation of continued employment." *Id.* at 822.

A different Texas intermediate court seemingly disagreed with this reasoning, holding that the statute did not alter the general rule of at-will

employment. *Staff v. Wied*, 470 S.W.3d 251, 258 (Tex. App.—Houston [1st Dist.] 2015, pet. filed).

The defendants in this case argue that Section 614.023(c) provides nothing more than a "procedure for terminating an officer when the termination from employment is 'based on the subject matter' of a complaint." The district court agreed, citing Texas's presumption of an at-will employment relationship and finding nothing in the statute that would affect the presumption. Dismissing Stem's reliance on the *Turner* decision, the district court said its result "was the combination of the statute and [a] policy manual" specifically adopting Section 614.023, "which created the property interest found in that case, and which is not present in this case."

The district court was correct that *Turner* emphasized the school district's incorporation of Section 614.023 into its manual. *See Turner*, 278 S.W.3d at 822 & n.21. Nonetheless, state statutes themselves can create a property right in continued employment. *See Henderson v. Sotelo*, 761 F.2d 1093, 1095–96 (5th Cir. 1985) (citing *Slochower v. Bd. of Higher Educ.*, 350 U.S. 551, 554, *modified on denial of reh'g*, 351 U.S. 944 (1956)). The statutory procedures at issue are to be applied in certain disciplinary situations without any stated requirement that they first be adopted by the governing body itself as policy. *See* Tex. Gov't Code Ann. §§ 614.021–.023.

Stem argues that Section 614.023 grants covered employees the right to a finding of cause before they can be fired. A causal basis for termination is generally not needed in Texas, where employment is at-will unless a contract, statute, or other authority overrides that presumption. *See Mott v. Montgomery Cnty.*, 882 S.W.2d 635, 637–38 (Tex. App.—Beaumont 1994, writ denied). Section 614.023 certainly does not explicitly provide that an officer facing a complaint can only be terminated for cause. Section 614.023 also does not resemble other statutes that clearly establish such a rule. For example, a

stronger argument for a property interest would arise from a statute that requires a Civil Service Commission authorized by a city's electorate to "adopt rules that prescribe cause for removal or suspension" for police and fire personnel. Tex. Loc. Gov't Code Ann. §§ 143.008, 143.051; *see also* 59 TEX. JUR. 3D POLICE, ETC. § 28 (explaining the process due before an officer may be terminated under Section 143.051). We also must consider that "courts should not insert words in a statute except to give effect to clear legislative intent." *In re Bell*, 91 S.W.3d 784, 790 (Tex. 2002).

Before a property interest would exist, Section 614.023 would have to constrain the city in a meaningful way from discharging a protected employee. There is no property right if rules only provide considerations for the exercise of discretion. *See Moore v. Otero*, 557 F.2d 435, 437 n.6 (5th Cir. 1977). To determine whether the statute meaningfully limits the city's discretion, we examine how the statute operates, its relevant legislative history, and case law.

First, Section 614.023's protections apply when disciplinary action is based on the subject of a "complaint." One implication is that in all other situations, an officer may be discharged for a good reason, a bad reason, or no reason without the process provided. Stem does not assert that his termination was the result of any particular person's submission to his employer of an objection to Stem's conduct. Regardless, as discussed in more detail below, we decline to delve into the question of whether a "complaint" exists. No authority from the Texas Supreme Court has been discovered defining that state statutory term, and we may avoid announcing a non-authoritative definition.

Second, the relevant legislative history, including a staff-prepared "bill analysis," is instructive. In determining the meaning of a statute, the Texas Supreme Court analyzes statements by the legislation's authors, testimony at

committee hearings, and bill analyses.[2] *Quick v. City of Austin*, 7 S.W.3d 109, 123 (Tex. 1998). When Section 614.023(c) was enacted in 2005, the bill analysis prepared by the Texas House Research Organization stated that the original draft of the legislation required that there be "sufficient evidence," not just "evidence" as provided in the final statute. TEX. H. RESEARCH ORG., BILL ANALYSIS, H.B. 639, 79th Leg., Reg. Sess. (2005). Legislative drafters intentionally declined to define what would constitute "sufficient evidence to prove an allegation of misconduct," so that "discretion to decide what is sufficient [would be] in the hands of the state and local departments, where it lies already." *Id.* Additionally, before sending the bill to the Texas Senate for consideration, state representatives removed the term "sufficient" altogether, thereby eliminating any threshold amount of evidence that must be present before disciplinary action may be taken. TEX. H. JOURNAL, H.B. 639, 79th Leg., Reg. Sess., 565–66 (2005).

Third, in other cases, we have considered laws requiring a specific procedure to be followed prior to termination and held that no property interest existed. One of our decisions dealt with a building inspector who filed suit under Section 1983 against a city because his employment was summarily terminated. *Henderson*, 761 F.2d at 1094–95. The inspector claimed he was unlawfully deprived of property without due process of law. *Id.* at 1095. He claimed a property interest in continued employment in the city charter, which

---

[2] The Texas Legislature's House Research Organization and Senate Research Center prepare bill analyses to explain the "version of [a] bill as it was reported by [a] . . . committee and first considered by" the corresponding body. Tex. H. Research Org., *Bill Analyses*, TEX. HOUSE OF REPRESENTATIVES, http://www.hro.house.state.tx.us/BillAnalysis.aspx (last visited Dec. 6, 2015); Tex. Senate Research Ctr., *Bill Analyses*, TEX. SENATE, http://www.senate.state.tx.us/SRC/BA.htm (last visited Dec. 6, 2015). Texas courts consider bill analyses as persuasive legislative history in determining legislative intent. *See Quick v. City of Austin*, 7 S.W.3d 109, 123 (Tex. 1998).

"provide[d] that the City Manager 'shall . . . appoint and/or remove all department heads . . . with the advice and consent of the [City] Commission.'" *Id.* at 1096. We held that the charter provision was a pre-termination procedure that did not create a property right. *Id.* at 1097. One of the Texas courts of appeals, when analyzing Section 614.023, relied in part on *Henderson* to hold that "either the State or the employer may implement policies and procedures for resolving complaints and grievances without altering the employee's status as an at-will employee." *Staff*, 470 S.W.3d at 258.

In summary, there is no authoritative decision from the Texas Supreme Court as to whether Section 614.023(c) creates a property interest. When interpreting state law, we are "guided by the decisions of state intermediate appellate courts unless other persuasive data indicate[] that the [state's] Supreme Court would decide otherwise." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 646 (5th Cir. 2002). Here, there is a disagreement among the state courts of appeals. *Compare Staff*, 470 S.W.3d at 258, *with Turner*, 278 S.W.3d at 821–22. In our view, Section 614.023 assures that an officer against whom a complaint is filed understands the allegations against him and receives a meaningful investigation into the accuracy of those allegations. A right to an investigation, though, does not create a property right. *See Henderson*, 761 F.2d at 1097–98; *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 496 (5th Cir. 2011). A city's "'merely conditioning an employee's removal on compliance with certain specified procedures' does not necessarily mean that an employee has a substantive property right in continued employment." *Irby v. Sullivan*, 737 F.2d 1418, 1422 n.4 (5th Cir. 1984) (quoting *Bishop v. Wood*, 426 U.S. 341, 345 (1976)). We also know that the legislation was not aimed at abrogating the right to discharge at will. TEX. H. RESEARCH ORG., BILL ANALYSIS, H.B. 639, 79th Leg., Reg. Sess. (2005). Finally, it is not even clear that the statute applies here, because the statutory meaning of a

"complaint" is unsettled.

The district court did not err in dismissing Stem's Section 1983 claim. Section 614.023 is analogous to the charter provision in *Henderson*. Both laws require some action to be taken before termination of employment can occur, but no property right is created by that requirement.

## III.    *Dismissal of State-Law Claims*

The district court implicitly dismissed Stem's claims under the Federal Declaratory Judgment Act and against the mayor in his individual capacity when it dismissed the case. Stem does not argue on appeal that this was error. If a party fails to mention a district court's disposition of certain claims in its briefing, such claims "are considered abandoned." *Huckabay v. Moore*, 142 F.3d 233, 238 n.2 (5th Cir. 1998). Thus, we decline to discuss the Federal Declaratory Judgment Act or the individual claim against the mayor.

Stem's state-law declaratory relief claim was brought under the Texas Uniform Declaratory Judgment Act, Texas Civil Practice and Remedies Code Chapter 37. He seeks back pay and benefits against the city and mayor in his official capacity. The district court concluded that sovereign immunity barred such relief. Additionally, the district court held that Stem failed to sue the proper parties and that Section 614.023 is inapplicable to Stem's situation.

Under Texas law, sovereign immunity protects the state, its political subdivisions, and cities from lawsuits for money damages or other retroactive relief by depriving a court of subject matter jurisdiction. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 375–76 (Tex. 2009); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Immunity still applies when a plaintiff mischaracterizes a suit for money damages as one for a declaratory judgment. *City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011). Though sovereign immunity may be waived, there is no waiver in Section 614.023 and

its related sections. *See* Tex. Gov't Code Ann. §§ 614.021–.023. Because sovereign immunity has not been waived, we agree that Stem is not entitled to seek back pay or benefits.

Stem, however, also seeks prospective relief in the form of reinstatement. He contends that the *ultra vires* exception to sovereign immunity allows his claim for prospective relief to proceed. The Texas Supreme Court has clarified the law related to claims for declaratory relief and this exception. *See Heinrich*, 284 S.W.3d at 375–76. In Heinrich, the widow of a police officer filed suit under the Texas Uniform Declaratory Judgment Act claiming a city violated her statutory rights when it altered her pension benefits. *Id.* at 369–70. The court explained that an *ultra vires* lawsuit aimed at "requir[ing] state officials to comply with [a] statut[e] . . . [is] not prohibited by sovereign immunity." *Id.* at 372. Such lawsuits, however, must be brought against state actors in their official capacity and not the state itself, even though the claims are effectively against the state. *Id.* at 372–73. *Ultra vires* lawsuits also must "allege, and ultimately prove, that [such state officials] acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372. The court allowed the widow to pursue her claims for prospective relief against the state officials pursuant to the *ultra vires* exception but dismissed her claims for retrospective monetary relief and her claims against the city and other governmental entities. *Id.* at 369, 379–80.

Here, Stem has filed suit against the City of Hearne and the mayor in his individual and official capacity for trampling on Stem's rights guaranteed by Section 614.023. Under *Heinrich*, sovereign immunity insulates the city from the lawsuit. *Id.* at 379–80. The district court properly dismissed that claim. Stem's claim against the mayor in his official capacity does fall under the *ultra vires* exception, and is not initially barred. *Id.* at 372–73.

Despite clearing the hurdle related to sovereign immunity, Stem's claim

against the mayor in his official capacity was nonetheless properly dismissed. Section 614.023(c) expressly provides that a covered individual "may not be indefinitely . . . terminated from employment based on the subject matter of the complaint unless . . . the complaint is investigated[,] and . . . there is evidence to prove the allegation of misconduct." Therefore, the proper defendants are the city officials who had the power to terminate Stem's employment, actually did terminate his employment, and now have the power to reinstate him.

Stem alleges in his complaint that the mayor recommended his dismissal and that the Hearne City Council acted on that recommendation. Yet, the only official capacity claim Stem brought was against the mayor. The complaint does not assert that the mayor has a statutory role in City Council meetings, claim the mayor actually cast a vote to dismiss Stem, or recount the final tally among those who did vote. Stem explains in his brief that "[t]he mayor called the meeting, set the agenda, and presided over the meeting where he and the Council voted to terminate" him. The Supreme Court has said that a court may draw reasonable inferences in determining "facial plausibility" for purposes of a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. Without more details, though, the only reasonable inference that can be drawn from the complaint is that the mayor simply recommended dismissal. Thus, Stem failed to state a claim against the mayor in his official capacity. The district court properly dismissed his claim.

The district court also stated that "Chapter 614 is inapplicable to [Stem's] separation." As previously discussed, we do not find it necessary to determine the statute's applicability. Texas courts have not resolved important questions about Section 614.023, such as the kind of complaint and

13

complainant that activate the procedural safeguards in the statute.[3]  Section 614.023 applies to a broad array of law enforcement officers and others.  *See* Tex. Gov't Code Ann. § 614.001(3).  Therefore, any interpretation of Section 614.023 could have a far-reaching impact on governmental entities' internal operations and the way community members interact with their police, fire safety, and other peace-keeping personnel.  We have held that Stem's claim for declaratory relief against the city and mayor in his official capacity fail for other reasons.  Principles of federalism and comity must be considered as to every aspect of a suit, and "judicial economy, convenience, fairness, and comity" require us to avoid unnecessarily deciding novel and significant matters of state law.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  One clear benefit of pretermitting such issues is that before they again present themselves in federal court, a clear answer from Texas precedent may be available.

## IV.    *Motion for Leave to Amend*

Stem moved for leave to amend his complaint as to his state-law declaratory judgment claim.  Leave to amend should be "freely give[n] . . . when justice so requires."  FED. R. CIV. P. 15(a)(2).  A court must have a "'substantial reason' to deny a party's request for leave to amend."  *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

---

[3] *See Guthery v. Taylor*, 112 S.W.3d 715, 721–23 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that a complainant is any "person claiming to be the victim of misconduct by a[n] . . . officer" by referencing Local Government Code Section 143.123); *Treadway v. Holder*, 309 S.W.3d 780, 784 (Tex. App.—Austin 2010, pet. denied) (holding 2–1 that a "complaint" includes internal complaints by an agency head); *City of Houston v. Wilburn*, 445 S.W.3d 361, 365 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (avoiding the "question of whether Chapter 614 requires a signed complaint in all circumstances resulting in disciplinary action against employees under its purview").

"[F]ailure to provide an adequate explanation to support . . . denial of leave" may be grounds for reversal. *Marucci Sports*, 751 F.3d at 378 (quotation marks omitted). When an amended complaint would still "fail to survive a Rule 12(b)(6) motion," it is not an abuse of discretion to deny the motion. *Id.*

When requesting leave to amend, Stem specifically provided that his amended complaint would (1) plead that Section 614.023 has been adopted by the city, (2) plead that the city had followed the mandates of Section 614.023 in the past, (3) name each councilmember who voted to terminate his employment and/or the police chief as defendants, and (4) request prospective relief. The district court failed to address Stem's request in its opinion dismissing the lawsuit, judgment denying all outstanding motions, and opinion in response to Stem's motion for reconsideration.

The first and second proposed amendments, which might correct pleading deficiencies related to Stem's Section 1983 claim, would have been futile. We have held that Section 614.023 creates no property interest in employment. Therefore, Stem cannot plead that he was deprived of a constitutional right. Denying an amendment to the Section 1983 claim was not error. Stem's third and fourth proposals, though, would have cured previously discussed deficiencies in Stem's complaint related to his state-law claim for declaratory relief. The amendment would not have been futile.

We find that in this situation, the "failure to provide an adequate explanation to support" the denial of leave to amend is grounds for reversal. *Marucci*, 751 F.3d at 378. There may have been unarticulated but valid reasons, such as that the amendment would have merely corrected the pleading of a state-law claim after the dismissal of all federal claims. Courts are to consider "judicial economy, convenience, fairness, and comity," and specifically whether it "has dismissed all claims over which it has original jurisdiction," when deciding whether to exercise supplemental jurisdiction. *See*

No. 15-50264

*Carnegie-Mellon*, 484 U.S. at 350; 28 U.S.C. § 1367(c). Because the decision is to be made at the discretion of the district court, we remand for an explanation of the discretion's exercise.

\* \* \*

We REVERSE the district court's denial of Stem's motion for leave to amend his complaint, and REMAND.  We REVERSE the district court's dismissal for lack of jurisdiction.  We otherwise AFFIRM.