# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-30561
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2024

Lyle W. Cayce
Clerk

Jennifer Broussard,

*Plaintiff—Appellant*,

*versus*

Liberty Mutual Insurance,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-4626

———————————————————————

Before Dennis, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Jennifer Broussard appeals the district court's dismissal of her claims against Defendant-Appellee Liberty Mutual Insurance ("Liberty Mutual") for breach of insurance contract and bad faith.

We review the grant of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure *de novo*, "accepting all well-pleaded facts as

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

true and viewing those facts in the light most favorable to the plaintiff[].” *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Conversely, we review the “[d]enial of a motion to amend . . . for abuse of discretion.” *Stem v. Gomez*, 813 F.3d 205, 209 (5th Cir. 2016) (citing *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)).

This lawsuit arises out of an insurance policy coverage dispute for losses to Broussard’s property sustained during Hurricane Laura on August 27, 2020. Based on those losses, Broussard brought claims against Liberty Mutual for breach of insurance contract, bad faith, and negligent infliction of emotional distress. Liberty Mutual moved to dismiss Broussard’s complaint for failure to state a claim because Liberty Personal Insurance Company (“Liberty Personal”), not Liberty Mutual, insured Broussard’s property. In opposition, Broussard moved for a declaration that her claims were viable. The district court granted Liberty Mutual’s motion to dismiss, dismissing all claims against it with prejudice, and denied Broussard’s motion. Broussard timely appealed. [1]

Broussard concedes that the district court properly dismissed her claims against Liberty Mutual on the ground that Liberty Mutual is the incorrect insurer and, therefore, the improper defendant in the case. Instead, she argues that she should have been allowed to amend her complaint to add the correct insurer, Liberty Personal, as a defendant. Yet Broussard did not request leave from the district court to amend her complaint, but rather asked the court to declare her claims viable. Thus, the district court did not err in not providing leave. *See Vanderwall v. Peck*, 129 F. App’x 89, 91 (5th Cir. 2005) (unpublished) (finding the district court committed no error for

---

[1] Broussard did not address the dismissal of her negligent infliction of emotional distress claim in her opening brief, and therefore forfeited any argument as to this claim. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

No. 23-30561

dismissing claims with prejudice when the plaintiff had "never requested any leave to amend" and even more, had "made other filings below which the district court considered"). Moreover, because Broussard failed to raise the issue of amending her complaint before the district court, she had forfeited that argument on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).[2]

For these reasons, the judgment of the district court is AFFIRMED.

_____

[2] In her opening brief, Broussard relies on the Supreme Court of Louisiana's opinion in *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1085-86 (La. 1983) for the proposition that an amendment to her complaint would not be prescribed and therefore would not be futile. Unlike Ray, however, Broussard did not move to amend below, so we are precluded from considering her futility argument.